UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAENEAN LIGON, et. al.,

                                        Plaintiffs,

                    -against-

THE CITY OF NEW YORK, et. al.,

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS
CITY OF NEW YORK,
RAYMOND KELLY,
GREGORY LOMANGINO,
JOSEPH KOCH, KIERON
RAMDEEN, JOSEPH
BERMUDEZ AND MIGUEL
SANTIAGO TO
COMPLAINT**

12-CV-2274 (SAS)

**Jury Trial Demanded**

        Defendants City of New York, Raymond Kelly, Gregory Lomangino, Joseph Koch, Kieron Ramdeen, Joseph Bermudez and Miguel Santiago, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to plaintiffs' complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiffs purport to proceed in this action.

        2.      Deny the allegations set forth in paragraph 2 of the complaint.

        3.      Deny the allegations set forth in paragraph 3 of the complaint.

        4.      Deny the allegations set forth in paragraph 4 of the complaint.

        5.      Deny the allegations set forth in paragraph 5 of the complaint.

        6.      Deny the allegations set forth in paragraph 6 of the complaint.

        7.      Deny the allegations set forth in paragraph 7 of the complaint.

        8.      Deny the allegations set forth in paragraph 8 of the complaint.

        9.      Deny the allegations set forth in paragraph 9 of the complaint.

10.     Deny the allegations set forth in paragraph 10 of the complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint.

24.     In response to the allegations set forth in paragraph 24 of the complaint, admit only that the City of New York is a municipal corporation, maintains the NYPD, and respectfully refer the court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the NYPD.

25.     Admit only that defendant Raymond W. Kelly is the Police Commissioner of the NYPD.  The remainder of the allegations set forth in paragraph 25 of the Complaint are legal conclusions to which no responses are required.  To the extent a response is required, defendants deny the allegations set forth therein.

26.     Deny the allegations of paragraph 26 of the Complaint, except admit that Johnny Blasini is a retired NYPD police officer and that plaintiffs purport to proceed as set forth therein.

27.     Deny the allegations of paragraph 26 of the Complaint, except admit that Gregory Lomangino is an NYPD police officer and that plaintiffs purport to proceed as set forth therein.

28.     Deny the allegations of paragraph 26 of the Complaint, except admit that Joseph Koch is an NYPD police officer and that plaintiffs purport to proceed as set forth therein.

29.     Deny the allegations of paragraph 26 of the Complaint, except admit that Kieron Ramdeen is an NYPD police officer and that plaintiffs purport to proceed as set forth therein.

30.     Deny the allegations of paragraph 26 of the Complaint, except admit that Joseph Bermudez is an NYPD police officer and that plaintiffs purport to proceed as set forth therein.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the complaint, except admit that the NYPD does operate a Trespass Affidavit Program.

33.     Deny the allegations set forth in paragraph 33 of the complaint, except admit that the NYPD does operate a Trespass Affidavit Program.

34.     Deny the allegations set forth in paragraph 34 of the complaint.

35.     Deny the allegations set forth in paragraph 35 of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the complaint.

37.     Deny the allegations set forth in paragraph 37 of the complaint.

38.     Deny the allegations set forth in paragraph 38 of the complaint.

39.     Deny the allegations set forth in paragraph 39 of the complaint.

40.     Deny the allegations set forth in paragraph 40 of the complaint.

41.     Deny the allegations set forth in paragraph 41 of the complaint.

42.     Deny the allegations set forth in paragraph 42 of the complaint.

43.     Deny the allegations set forth in paragraph 43 of the complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the complaint.

45.     Deny the allegations set forth in paragraph 45 of the complaint.

46.     Deny the allegations set forth in paragraph 46 of the complaint.

47.     Deny the allegations set forth in paragraph 47 of the complaint.

48.     Deny the allegations set forth in paragraph 48 of the complaint.

49.     Deny the allegations set forth in paragraph 49 of the complaint.

50.     Deny the allegations set forth in paragraph 50 of the complaint.

51.     Deny the allegations set forth in paragraph 51 of the complaint.

52.     Deny the allegations set forth in paragraph 52 of the complaint.

53.     Deny the allegations set forth in paragraph 53 of the complaint.

54.     Deny the allegations set forth in paragraph 54 of the complaint.

55.     Deny the allegations set forth in paragraph 55 of the complaint.

56.     Deny the allegations set forth in paragraph 56 of the complaint.

57.     Deny the allegations set forth in paragraph 57 of the complaint.

58.     Deny the allegations set forth in paragraph 58 of the complaint.

59.     Deny the allegations set forth in paragraph 59 of the complaint, except admit that the plaintiffs W.B. and J.G. received summonses, which speak for themselves.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the disposition of any criminal charges referenced therein.

60.     Deny the allegations set forth in paragraph 60 of the complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the complaint.

63.     Deny the allegations set forth in paragraph 63 of the complaint.

64.     Deny the allegations set forth in paragraph 64 of the complaint.

65.     Deny the allegations set forth in paragraph 65 of the complaint.

66.     Deny the allegations set forth in paragraph 66 of the complaint.

67.     Deny the allegations set forth in paragraph 67 of the complaint.

68.     Deny the allegations set forth in paragraph 68 of the complaint.

69.     Deny the allegations set forth in paragraph 69 of the complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the complaint.

72.     Deny the allegations set forth in paragraph 72 of the complaint.

73.     Deny the allegations set forth in paragraph 73 of the complaint.

74.     Deny the allegations set forth in paragraph 74 of the complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the complaint.

76.     Deny the allegations set forth in paragraph 76 of the complaint.

77.     Deny the allegations set forth in paragraph 77 of the complaint.

78.     Deny the allegations set forth in paragraph 78 of the complaint.

79.     Deny the allegations set forth in paragraph 79 of the complaint.

80.     Deny the allegations set forth in paragraph 80 of the complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the complaint.

82.     Deny the allegations set forth in paragraph 82 of the complaint.

83.     Deny the allegations set forth in paragraph 83 of the complaint.

84.     Deny the allegations set forth in paragraph 84 of the complaint.

85.     Deny the allegations set forth in paragraph 85 of the complaint.

86.     Deny the allegations set forth in paragraph 86 of the complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the complaint.

88.     Deny the allegations set forth in paragraph 88 of the complaint.

89.     Deny the allegations set forth in paragraph 89 of the complaint.

90.     Deny the allegations set forth in paragraph 90 of the complaint.

91.     Deny the allegations set forth in paragraph 91 of the complaint.

92.     Deny the allegations set forth in paragraph 92 of the complaint.

93.     Deny the allegations set forth in paragraph 93 of the complaint.

94.     Deny the allegations set forth in paragraph 94 of the complaint.

95.     Deny the allegations set forth in paragraph 95 of the complaint.

96.     Deny the allegations set forth in paragraph 96 of the complaint, except admit that the plaintiff Kieron Johnson was arrested and processed, the charges relating to which speak for themselves.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the disposition of any criminal charges referenced therein.

97.     Deny the allegations set forth in paragraph 97 of the complaint.

98.     Deny the allegations set forth in paragraph 98 of the complaint.

99.     Deny the allegations set forth in paragraph 99 of the complaint.

100.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the complaint.

101.     Deny the allegations set forth in paragraph 101 of the complaint.

102.     Deny the allegations set forth in paragraph 102 of the complaint.

103.     Deny the allegations set forth in paragraph 103 of the complaint.

104.     Deny the allegations set forth in paragraph 104 of the complaint.

105.     Deny the allegations set forth in paragraph 105 of the complaint.

106.     Deny the allegations set forth in paragraph 106 of the complaint, except admit that the plaintiff A.O. was arrested and processed, the charges relating to which speak for themselves.

107.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the complaint.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the complaint.

109.     Deny the allegations set forth in paragraph 109 of the complaint.

110.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the complaint.

111.     Deny the allegations set forth in paragraph 111 of the complaint.

112.     Deny the allegations set forth in paragraph 112 of the complaint.

113.     Deny the allegations set forth in paragraph 113 of the complaint.

114.     Deny the allegations set forth in paragraph 114 of the complaint.

115.    Deny the allegations set forth in paragraph 115 of the complaint, except admit that the plaintiff Adullah Turner was arrested, the charges relating to which speak for themselves.

116.    Deny the allegations set forth in paragraph 116 of the complaint, except admit that the plaintiff Adullah Turner was arrested and processed, the charges relating to which speak for themselves.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the complaint.

118.    Deny the allegations set forth in paragraph 118 of the complaint.

119.    Deny the allegations set forth in paragraph 119 of the complaint.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the complaint.

121.    Deny the allegations set forth in paragraph 121 of the complaint.

122.    Deny the allegations set forth in paragraph 122 of the complaint.

123.    Deny the allegations set forth in paragraph 123 of the complaint.

124.    Deny the allegations set forth in paragraph 124 of the complaint.

125.    Deny the allegations set forth in paragraph 125 of the complaint, except admit that the plaintiff Moronta was arrested, the charges relating to which speak for themselves.

126.    Deny the allegations set forth in paragraph 126 of the complaint.

127.    Deny the allegations set forth in paragraph 127 of the complaint, except admit that the plaintiff Moronta was arrested and processed.

128.    Deny the allegations set forth in paragraph 128 of the complaint, except admit that the plaintiff Moronta was arrested, the charges relating to which speak for themselves.

129.    Deny the allegations set forth in paragraph 129 of the complaint.

130.    Deny the allegations set forth in paragraph 130 of the complaint.

131.    Deny the allegations set forth in paragraph 131 of the complaint.

132.    Deny the allegations set forth in paragraph 132 of the complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133 of the complaint.

134.    Deny the allegations set forth in paragraph 134 of the complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the complaint.

136.    Deny the allegations set forth in paragraph 136 of the complaint.

137.    Deny the allegations set forth in paragraph 137 of the complaint.

138.    Deny the allegations set forth in paragraph 138 of the complaint, except admit that the plaintiff Bradley was arrested, the charges relating to which speak for themselves.

139.    Deny the allegations set forth in paragraph 139 of the complaint, except admit that the plaintiff Bradley was processed incident to his arrest.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 140 of the complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the complaint.

143.     Deny the allegations set forth in paragraph 143 of the complaint.

144.     Deny the allegations set forth in paragraph 144 of the complaint.

145.     Deny the allegations set forth in paragraph 145 of the complaint.

146.     Deny the allegations set forth in paragraph 146 of the complaint.

147.     Deny the allegations set forth in paragraph 147 of the complaint.

148.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148 of the complaint.

149.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 149 of the complaint.

150.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 150 of the complaint.

151.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151 of the complaint.

152.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152 of the complaint.

153.     Deny the allegations set forth in paragraph 153 of the complaint, except admit only that any referenced testimony speaks for itself.

154.     Deny the allegations set forth in paragraph 154 of the complaint.

155.     Deny the allegations set forth in paragraph 155 of the complaint.

156.     Deny the allegations set forth in paragraph 156 of the complaint.

157.     Deny the allegations set forth in paragraph 157 of the complaint.

158.     Deny the allegations set forth in paragraph 158 of the complaint, except admit only that any referenced testimony speaks for itself.

159.     Deny the allegations set forth in paragraph 159 of the complaint.

160.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160 of the complaint.

161.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161 of the complaint.

162.     Deny the allegations set forth in paragraph 162 of the complaint.

163.     Deny the allegations set forth in paragraph 163 of the complaint.

164.     Deny the allegations set forth in paragraph 164 of the complaint.

165.     Deny the allegations set forth in paragraph 165 of the complaint.

166.     Deny the allegations set forth in paragraph 166 of the complaint.

167.     Deny the allegations set forth in paragraph 167 of the complaint.

168.     Deny the allegations set forth in paragraph 168 of the complaint.

169.     Deny the allegations set forth in paragraph 169 of the complaint.

170.     Deny the allegations set forth in paragraph 170 of the complaint.

171.     Deny the allegations set forth in paragraph 171 of the complaint.

172.     Deny the allegations set forth in paragraph 172 of the complaint.

173.     Deny the allegations set forth in paragraph 173 of the complaint.

174.     Deny the allegations set forth in paragraph 174 of the complaint.

175.     Deny the allegations set forth in paragraph 175 of the complaint.

176.     Deny the allegations set forth in paragraph 176 of the complaint.

177.     Deny the allegations set forth in paragraph 177 of the complaint, except admit any referenced provisions of the NYPD Patrol Guide speak for themselves.

178.    Deny the allegations set forth in paragraph 178 of the complaint, except admit any referenced provision of the NYPD Patrol Guide speaks for itself.

179.    Deny the allegations set forth in paragraph 179 of the complaint, except admit any referenced provisions of the NYPD Patrol Guide speak for themselves.

180.    Deny the allegations set forth in paragraph 180 of the complaint, except admit any referenced provisions of Interim Order 23 speaks for itself.  Admit that the NYPD has trained officers in connection with Interim Order 23.

181.    Deny the allegations set forth in paragraph 181 of the complaint.

182.    Deny the allegations set forth in paragraph 182 of the complaint.

183.    Deny the allegations set forth in paragraph 183 of the complaint.

184.    Deny the allegations set forth in paragraph 184 of the complaint.

185.    Deny the allegations set forth in paragraph 185 of the complaint.

186.    Deny the allegations set forth in paragraph 186 of the complaint.

187.    Deny the allegations set forth in paragraph 187 of the complaint.

188.    Deny the allegations set forth in paragraph 188 of the complaint.

189.    Deny the allegations set forth in paragraph 189 of the complaint.

190.    Deny the allegations set forth in paragraph 190 of the complaint.

191.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 191 of the complaint.

192.    Deny the allegations set forth in paragraph 192 of the complaint.

193.    Deny the allegations set forth in paragraph 193 of the complaint.

194.    Deny the allegations set forth in paragraph 194 of the complaint.

195.    Deny the allegations set forth in paragraph 195 of the complaint.

196.    Deny the allegations set forth in paragraph 196 of the complaint.

197.    Deny the allegations set forth in paragraph 197 of the complaint, except admit that plaintiffs purport to proceed in this action as stated therein.

198.    Deny the allegations set forth in paragraph 198 of the complaint.

199.    Deny the allegations set forth in paragraph 199 of the complaint.

200.    Deny the allegations set forth in paragraph 200 of the complaint, except admit that plaintiffs purport to proceed in this action and invoke the jurisdiction thereof as stated therein.

201.    Deny the allegations set forth in paragraph 201 of the complaint, except admit that plaintiffs purport to proceed in this action and invoke the jurisdiction thereof as stated therein.

202.    Deny the allegations set forth in paragraph 202 of the complaint, except admit that plaintiffs purport to proceed in this action and invoke venue in this Court as stated therein.

203.    Deny the allegations set forth in paragraph 203 of the complaint.

204.    Deny the allegations set forth in paragraph 204 of the complaint.

205.    Deny the allegations set forth in paragraph 205 of the complaint.

206.    Deny the allegations set forth in paragraph 206 of the complaint.

207.    Deny the allegations set forth in paragraph 207 of the complaint.

208.    Deny the allegations set forth in paragraph 208 of the complaint.

209.    Deny the allegations set forth in paragraph 209 of the complaint.

210.    Deny the allegations set forth in paragraph 210 of the complaint.

211.    Deny the allegations set forth in paragraph 211 of the complaint.

212.    Deny the allegations set forth in paragraph 212 of the complaint.

213.    Deny the allegations set forth in paragraph 213 of the complaint.

214.    Deny the allegations set forth in paragraph 214 of the complaint.

215.    Deny the allegations set forth in paragraph 215 of the complaint.

216.    Deny the allegations set forth in paragraph 216 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

217.    The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

218.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

219.    There was probable cause for all arrests of plaintiffs referenced in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

220.    There was reasonable suspicion and/or other legal justification for all stops referenced in the complaint.

### FIFTH AFFIRMATIVE DEFENSE

221.    Any injury alleged to be sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of defendants.

### SIXTH AFFIRMATIVE DEFENSE.

222.    Plaintiffs' claims may be barred, in whole or in part, by their failure to comply with the conditions precedent to suit.

### SEVENTH AFFIRMATIVE DEFENSE

223.    Defendants Kelly, Bermudez, Lomangino, Koch, Santiago and Ramdeen are protected by the doctrine of qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

224.    Any force used against plaintiffs was reasonable, necessary and justified.

### NINTH AFFIRMATIVE DEFENSE

225.    At all times relevant to the acts alleged in the Complaint, defendants and their officials acted reasonably in the proper and lawful exercise of their discretion and are entitled to governmental immunity.

### TENTH AFFIRMATIVE DEFENSE

226.    Plaintiffs have failed to comply with the provisions of New York General Municipal Law §§ 50(e), *et seq.*

### ELEVENTH AFFIRMATIVE DEFENSE

227.    Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, defendants City of New York, Raymond Kelly, Kieron Ramdeen, Joseph Bermudez, Gregory Lomangino, Joseph Koch and Miguel Santiago respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        May 29, 2012

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City, Kelly, Lomangino,*
*Ramdeen, Koch, Santiago and Bermudez*
100 Church Street
New York, New York 10007
(212) 442-8248


By: _____/s/_____
     MARK D. ZUCKERMAN