UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

JAENON LIGON, et al.,

    Plaintiffs,

          v.

CITY OF NEW YORK, et al.,

    Defendants.

------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/12

**MEMORANDUM
OPINION AND ORDER**

12 Civ. 2274 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        This putative class action challenges the New York City Police Department's implementation of Operation Clean Halls, a program pursuant to which police officers patrol inside and around thousands of private residential apartment buildings throughout New York City. Plaintiffs allege that they and their minor children have been unlawfully stopped, questioned, frisked, and/or arrested in or around their homes or their family members' homes. The parties' first discovery dispute involves defendants' request for the unsealing of records relating to any prior arrests of plaintiffs.

        In accordance with my instructions and this District's Plan for Certain

§ 1983 Cases Against the City of New York[1], plaintiffs have already executed releases giving defendants full access to all paperwork relating to the arrests at issue in the case as well as a list of each plaintiff's prior arrests – a list that contains the date of the arrest, the top charge, and whether or not the paperwork is sealed. Defendants argue that this information is insufficient and that they are entitled to access all paperwork relating to all of plaintiffs' prior arrests, even if those arrests terminated in plaintiffs' favor and are sealed pursuant to New York law.

As I explained two years ago, adjudicating disputes over the unsealing of investigation and arrest records in New York requires a balancing of state and federal interests that are sometimes in tension.[2] New York Criminal Procedure Law section 160.50 provides, in relevant part:

> Upon the termination of a criminal action or proceeding against a person in favor of such a person . . . all official records and papers . . . relating to the arrest or prosecution [shall be sealed, and shall not be] made available to any person or public or private agency . . . but only to the person accused or to such person's designated agent.[3]

---

[1] http://nysd.uscourts.gov/rules/The_Plan_and_Exhibits_201108.pdf

[2] *See Crosby v. City of New York*, 269 F.R.D. 267 (S.D.N.Y. 2010).

[3] N.Y. Crim. Pro. L. § 160.50. *Accord Haus v. City of New York*, No. 03 Civ. 4915, 2006 WL 1148680, at *1 (S.D.N.Y. Apr. 24, 2006) ("[Section 160.50] requires, in the case of people arrested but not convicted, that arrest records filed with the state courts or held by law-enforcement authorities be sealed and not disclosed except in limited circumstances.").

"The purpose of the provision is to ensure 'that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation.'"[4] Similarly, Section 160.55 requires the sealing of certain records of an individual convicted of a violation (*i.e.*, a non-criminal offense).[5]

However, in cases presenting federal questions, such as here, discoverability, privileges, and confidentiality are governed by federal law, not state law.[6] "[S]tate statutory privileges . . . must be construed narrowly, 'and must yield when outweighed by a federal interest in presenting relevant information to a

---

[4] *MacNamara v. City of New York*, No. 04 Civ. 9612, 2006 WL 3298911, at *1 n.1 (S.D.N.Y. Nov. 13, 2006) (quoting *Matter of Hynes v. Karassik*, 47 N.Y.2d 659, 662 (1979)). *Accord Katherine B. v. Cataldo*, 5 N.Y.3d 196, 202 (2005) ("'That detriment to one's reputation and employment prospects often flows from merely having been subjected to criminal process has long been recognized as a serious and unfortunate by-product of even unsuccessful criminal prosecutions. The statute's design is to lessen such consequences.'" (quoting *Hynes*, 47 N.Y.2d at 662)).

[5] Section 160.55 specifically provides: "Upon the termination of a criminal action or proceeding against a person by the conviction of . . . a violation . . . all official records and papers relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, police agency, or prosecutor's office shall be sealed and not made available to any person or public or private agency" except in limited circumstances. N.Y. Crim. Pro. L. § 160.55(1).

[6] *See* Fed. R. Evid. 501 (stating that privileges in federal-question cases are governed by federal common law); *United States v. Goldberger & Dubin*, 935 F.2d 501, 505 (2d Cir. 1991).

3

trier of fact.'"[7] In other words, state privilege rules should not be permitted to "frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983."[8] Nonetheless, "the policies underlying state evidentiary privileges must still be given serious consideration, even if they are not determinative."[9]

Sections 160.50 and 160.55 protect "important privacy interests, and 'a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy.'"[10] This Court must therefore "balance the deference to be accorded state-created privileges with the need for the information sought to be protected by the privilege."[11]

Defendants argue that they need the paperwork relating to sealed

---

[7] *Daniels v. City of New York*, No. 99 Civ. 1695, 2001 WL 228091, at *1 (Mar. 8, 2001) (quoting *United States v. One Parcel of Property at 31-33 York Street*, 930 F.2d 139, 141 (2d Cir. 1991)).

[8] *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988).

[9] *Burka v. New York City Transit Auth.*, 110 F.R.D. 660, 664 (S.D.N.Y. 1986).

[10] *King*, 121 F.R.D. at 187 (quoting *Lora v. Board of Educ.*, 74 F.R.D. 565, 576 (E.D.N.Y. 1977)).

[11] *Daniels*, 2001 WL 228091, at *1.

arrests for three reasons: (1) to explore the adequacy of plaintiffs to serve as class representatives,[12] (2) because the information is relevant to the question of plaintiffs' damages (in that plaintiffs who have previously been arrested and detained arguably suffer less emotional distress than plaintiffs who are arrested for the first time), and (3) because "past interactions with law enforcement may have influenced, at least to some extent, the interactions plaintiffs had with the police in this case. See FRE 404(b)."[13]

Plaintiffs respond by arguing that, as a general matter, the sealing of their arrest records pursuant to state law advances important privacy interests and to the extent that federal litigation can accommodate those state interests without hindering federal interests, it should.[14] As to defendants' three arguments, plaintiffs say: (1) The "adequacy" question is not an inquiry into plaintiffs' moral righteousness but is directed at improper or questionable conduct arising out of or touching on the prosecution of this lawsuit,[15] (2) the only component of past arrests that are relevant to emotional damages is the length of time that a plaintiff was

---

[12]   *See* Fed. R. Civ. P. 23(a)(4).

[13]   5/31/12 Letter from Mark Zuckerman to Court at 2.

[14]   *See* 6/4/12 Letter from Alexis Karteron to Court at 2.

[15]   *See Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 160 (S.D.N.Y. 2010); *Casale v. Kelly*, 257 F.R.D. 396, 412 (S.D.N.Y. 2009).

detained in connection with an arrest, and, in contrast, the charges levied against the individual and the related police paperwork are not relevant, and (3) under Rule 404(b), only those prior bad acts that are similar to trespass – the charge at issue in this lawsuit – should be discoverable and disclosure of information about prior bad acts (such as drug possession) that are completely unrelated to trespass is not reasonably calculated to lead to the discovery of admissible evidence. In short, plaintiffs agree that their past arrests on charges similar to trespass are relevant to the adequacy inquiry and that some arrest information may be admissible under Rule 404(b). But, they believe, there should not be a blanket unsealing order.

Plaintiffs are correct. Defendants have no legitimate reason to examine paperwork from an old arrest for possession of drugs or disorderly conduct that terminated in a plaintiff's favor and was sealed pursuant to important state privacy law. When it can, the federal interest in broad discovery should accommodate this New York privilege. Defendants must be provided access to prior arrest records and paperwork *only* for charges of trespass or related crimes for the past ten years. Plaintiffs should also disclose to defendants the length of time that they were detained and incarcerated as a result of any prior arrests and any emotional or physical injuries that they suffered as a result of those arrests. This disclosure may be made in a sworn affidavit, but does not require the unsealing of arrest records.

If, despite this guidance, the parties still disagree about the unsealing of particular arrest files, I will adjudicate the disputes on a case-by-case basis.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   June 12, 2012
         New York, New York

## - Appearances -

**For Plaintiffs:**

Alexis Karteron, Esq.
New York Civil Liberties Union
125 Broad Street
New York, NY 10004
(212) 607-3391

**For Defendants:**

Mark Zuckerman
Senior Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 442-8248