Scheindlin, J

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JAENEAN LIGON, et al.,

                         Plaintiffs,

        -against-

CITY OF NEW YORK, et al.,

                         Defendants.

------------------------------------------------------------x

**STIPULATION AND PROTECTIVE ORDER**

12 Civ. 2274 (SAS)(HBP)

        **WHEREAS**, Jaenean Ligon, J.G. by his parent Jaenean Ligon, Fawn Bracy, W.B. by his parent Fawn Bracy, Jacqueline Yates, Letitia Ledan, Roshea Johnson, Kieron Johnson, Jovan Jefferson, A.O. by his parent Dinah Adames, Abdullah Turner, Fernando Moronta, and Charles Bradley (collectively, "Plaintiffs") have sought certain information from defendants in discovery in this action, information which defendants deem confidential, and;

        **WHEREAS**, defendants object to the production of the discovery unless appropriate protection for its confidentiality is assured, and;

        **WHEREAS**, good cause exists for the entry of this order, and;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiffs and defendants, as follows:

        1. As used herein, "Confidential Materials" shall mean (1) UF 250 Databases bearing bates nos. L NYC006292- L NYC006302; (2) Crime Complaint Databases bearing bates nos. L NYC006303- L NYC006305; (3) Arrest Report Databases bearing bates nos. L NYC006306- L NYC006308; (4) Crime Complaint and Arrest Report Databases bearing bates nos. L NYC006309- L NYC006313; (5) Vertical Patrol Activity Data bearing bates nos. L NYC006314-L NYC006317; (6) Impact Zone Maps bearing bates nos. L NYC006318-L

NYC006319; and (7) NYPD Command Codes bearing bates nos. L NYC006320- L NYC006351.

    2. Plaintiffs shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiffs' case in the above-captioned action.

    3. Plaintiffs shall not disclose the Confidential Materials to any person not a member of the staff of the plaintiffs' attorneys' offices, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of plaintiffs' case in this action.

    b. Disclosure before trial may be made only to a party; to an expert who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action; to a witness at deposition; or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the plaintiffs' attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by counsel for the plaintiffs disclosing the information and a copy shall be furnished to the other parties' attorneys upon their request.

    4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential within the meaning of this Stipulation

and Protective Order, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies thereof, shall be returned to the defense counsel or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the attorneys who provided them with the materials. Plaintiffs' Counsel of record may, however, retain written discovery responses, attorney work product, depositions and their exhibits, as well as documents admitted into evidence or filed with the Court. This Order shall continue to be binding after the conclusion of this litigation.

3

7. The parties may seek modification of this Stipulation and Protective Order, and the parties may seek review of confidentiality designations under this Order by application to the Court for good cause shown at anytime during the course of this litigation.

8. Nothing in this stipulation and Protective Order shall be construed to limit defendants' use of confidential materials in any manner.

9. No use of the Confidential Materials by the defendants in the ordinary course of defendants' law enforcement and/or business activities unrelated to this lawsuit shall be construed as waiver of the designation of Confidential Materials, as specified in paragraph 1, unless such use involves public disclosure. For the purposes of this paragraph, "public disclosure" shall NOT include: (I) disclosure to any governmental or non-governmental entity, except to the extent that the disclosure allows the general public access to the complaint and arrest date; (ii) disclosures that are court-ordered; or (III) any disclosure of statistical analyses of, or aggregate statistics and statistical summaries derived from the complaint and arrest data, except to the extent such analysis, aggregate statistics or statistical summaries disclose the specific address information or individual crimes reported to, or individual arrests made by, the NYPD. Any public disclosure of the arrest and complaint data shall result in a waiver of the designation of Confidential Materials only as to the specific arrest and complaint data publicly disclosed.

10. Nothing in this Stipulation and Order shall limit or restrict plaintiffs' use of the Confidential Materials at trial or the Preliminary Injunction hearings. However, plaintiffs must provide defendants with reasonable notice of plaintiffs' intention to use the Confidential Materials at the trial or Preliminary Injunction hearings to afford defendants an opportunity to

make any applications to the Court governing the continued confidential treatment of the Confidential Materials during trial.

11. The terms of paragraphs 1 and 2 of this Stipulation and Protective Order shall NOT apply to any and all statistical analyses of, or aggregate statistics and statistical summaries derived from, the complaint and arrest data by plaintiffs, plaintiffs' counsel, or any of plaintiffs' testifying or consulting experts except to the extent such analyses, aggregate statistics or statistical summaries disclose the street, intersection, or address information of individual crimes reported to, or individual arrests made by, the NYPD.

Dated: New York, New York
June 2, 2012
July

*Attorneys for Plaintiffs*
Alexis Karteron
Christopher Dunn
Daniel Mullkoff
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
akarteron@nyclu.org

By: _____
Alexis Karteron
*Attorney for Plaintiffs*

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York and Kelly*
100 Church Street, Rm. 3-133B
New York, New York 10007
(212) 442-8248

By: _____
Mark Zuckerman
Senior Counsel

SO ORDERED: _____
SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE
7/3/12

## EXHIBIT A

The undersigned hereby acknowledges that he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Southern District of New York dated _____ in the action entitled <u>Jaenean Ligon, et al., v. City of New York, et al.</u>, 12 Civ. 2274 (SAS)(HBP) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____   _____
             Date                                  Signature

                                  _____
                                            Print Name

                                  _____
                                            Occupation

6