# EXHIBIT A



# INTERIM ORDER

| SUBJECT: | REVISION TO PATROL GUIDE 212-59, "VERTICAL PATROL" | |
|---|---|---|
| DATE ISSUED: | REFERENCE: | NUMBER: |
| 05-21-12 | *P.G. 212-59 | 22 |

1. In order to enhance the effectiveness and documentation of vertical patrols in multiple dwelling buildings that participate in the Department's Trespass Affidavit Program, Patrol Guide 212-59, "Vertical Patrol" is being revised and two new Department forms have been created. The first form, entitled, "**TRESPASS CRIMES – OWNER'S AFFIDAVIT (PD651-051),**" will be utilized for Department Trespass Affidavit Program buildings in the Bronx, Brooklyn, Staten Island and Queens (the New York County District Attorney's Office manages a Trespass Affidavit Program in Manhattan and utilizes its own supporting affidavits). The second form, entitled, "**TRESPASS CRIMES – FACT SHEET (PD351-144),**" will be prepared in every instance, including Manhattan, where a uniformed member of the service effects a trespass arrest in a building participating in a Trespass Affidavit Program.

2. Therefore, effective immediately, Patrol Guide 212-59, "Vertical Patrol" is **SUSPENDED** and the following procedure will be complied with:

| | |
|---|---|
| **PURPOSE** | To prevent, detect and take necessary enforcement action regarding illegal activity occurring in lobbies, stairwells, basements and other common areas of multiple dwelling buildings that are <u>not</u> owned by the New York City Housing Authority. |
| **SCOPE** | Authorization for vertical patrol, the tactically planned patrol of the interior hallways, stairways and rooftops of multiple dwelling buildings is obtained through the Department's Trespass Affidavit Program. Patrolling multiple dwelling buildings for criminal activity, including trespassing under the Trespass Affidavit Program, is a valuable problem solving tool, as well as an important component of the Department's crime control strategy. |
| **PROCEDURE** | To conduct vertical patrol in a residential multiple dwelling building in the Department's Trespass Affidavit Program: |

**PLATOON COMMANDER/ PATROL SUPERVISOR/ ASSIGNED SUPERVISOR**

1. Assign teams of two or more uniformed members of the service to conduct vertical patrol at designated times and locations.
   a. Schedule vertical patrols based on times when illegal activities are prevalent
   b. Ensure **TRESPASS CRIMES – OWNER'S AFFIDAVIT(S) (PD651-051)** or New York County District Attorney's supporting affidavits, as appropriate, are current for scheduled locations
   c. Ensure all vertical patrols are conducted in a satisfactory manner with special attention to:
      (1) Enforcement action, including proper tactics
      (2) Radio transmissions
      (3) Proper documentation (e.g., **ACTIVITY LOG [PD112-145]** entries, **STOP, QUESTION AND FRISK REPORT WORKSHEETS [PD344-151A]**, etc.).

L_NYC005907

| | | |
|---|---|---|
| *NOTE* | | *A uniformed member of the service may approach and question persons if they have an objective credible reason to do so. However, a uniformed member may not stop (temporarily detain) a suspected trespasser unless the uniformed member <u>reasonably suspects</u> that the person is in the building without authorization.* |
| **PLATOON COMMANDER/ PATROL SUPERVISOR/ ASSIGNED SUPERVISOR (continued)** | 2. | Instruct uniformed members performing vertical patrol that, absent exigent circumstances, teams of two or more uniformed members must remain together at all times. |
| | 3. | Consider the appropriate number of teams necessary to perform a particular vertical patrol. |
| | | a. The number of uniformed members that are required to conduct a particular vertical patrol assignment should be based on the size of the building, the number and location of exits, and the nature of the crimes being addressed. |
| **UNIFORMED MEMBER OF THE SERVICE** | 4. | Respond to location at designated time and coordinate activities with other assigned uniformed members. |
| | 5. | Notify Communications Section radio dispatcher utilizing radio code signal 10-75V, and make **ACTIVITY LOG** entry of the time and street address upon entering the building. |
| | 6. | Inspect front, rear and other exterior doors, and interior of lobby. |
| | 7. | Document in **ACTIVITY LOG** that signs stating, "No Trespassing, Tenants and their Guests Only," are prominently displayed and legible. |
| | | a. Signs should be prominently displayed in areas where persons entering the building can readily observe them (e.g., vestibule entrance, vestibule, above the elevator, courtyard, roof, etc.). |
| | 8. | Proceed to top floor of building by elevator, if operable, and conduct inspection of roof, roof landing, elevator rooms, and any other installations. |
| | 9. | Patrol each floor, staircase and hallway within the building from the top floor to the ground floor. |
| | 10. | Inspect all accessible basement areas. |
| | 11. | Be alert for persons who may be engaged in criminal activity, including potential trespassers, and upon encountering such persons: |
| | | a. Approach the person(s) and ask: |
| | |    (1) If he or she lives in the building |
| | |    (2) If he or she is visiting someone in the building |
| | |    (3) If he or she has business in the building. |
| | | b. Take reasonable measures to verify a person's authority to be present in the building when such authority is in question (e.g., asking for identification, keys to the building entrance doors, etc.). |
| | | c. When a person refuses to explain or is unable to explain his/her presence in the building, the uniformed member may instruct the person that he or she must leave the building or be subject to arrest for trespass. The uniformed member may then arrest the person for trespass if: |
| | |    (1) The person refuses to exit the building and does not promptly establish a right to be in the building. |

**INTERIM ORDER NO. 22**

L_NYC005908

**UNIFORMED MEMBER OF THE SERVICE (continued)**

    d.    When reasonable suspicion develops that a person has committed, is committing or is about to commit a felony or a Penal Law misdemeanor, take appropriate police action as per *P.G. 212-11, "Stop and Frisk"*

    e.    If probable cause develops that a person has committed or is committing an offense or crime, take appropriate police action as per *P.G. 208-01, "Law of Arrest"*

    f.    When a trespass arrest is made, prepare **TRESPASS CRIMES – FACT SHEET (PD351-144)**

    g.    Copies of the **TRESPASS CRIMES – FACT SHEET** and **TRESPASS CRIMES – OWNER'S AFFIDAVIT** or New York County District Attorney's supporting affidavit, as appropriate, for the building must be included in arrest package.

12.    Notify Communications Section radio dispatcher upon exiting building and make **ACTIVITY LOG** entry indicating time building inspection was completed and any conditions noted.

**ADDITIONAL DATA**

*The "TRESPASS CRIMES – OWNER'S AFFIDAVIT (PD651-051)," will be utilized for Department Trespass Affidavit Program buildings in the Bronx, Brooklyn, Staten Island and Queens. The New York County District Attorney's Office manages a Trespass Affidavit Program in Manhattan and utilizes its own supporting affidavits. The "TRESPASS CRIMES – FACT SHEET (PD351-144)," will be prepared in every instance, including Manhattan, where a uniformed member of the service effects a trespass arrest in a building participating in a Trespass Affidavit Program.*

*A uniformed member of the service may not stop (temporarily detain) a suspected trespasser unless the uniformed member reasonably suspects that the person is in the building without authority. When reasonable suspicion exists, a **STOP, QUESTION AND FRISK REPORT WORKSHEET** shall be prepared as per P.G. 212-11, "Stop and Frisk." Some factors which may contribute to "reasonable suspicion" that a person is trespassing, in addition to those factors set forth in P.G. 212-11, "Stop and Frisk," are contradictory assertions made to justify presence in the building and/or assertions lacking credibility made to justify presence in the building.*

*A uniformed member of the service may arrest a person for trespass when he or she has <u>probable cause</u> to believe the person is not a resident, is not the invited guest of a resident, and is not otherwise authorized to be in the building. Refusal to answer a uniformed member's questions alone will not reach the level of "probable cause."*

**RELATED PROCEDURES**

*Law of Arrest (P.G. 208-01)*
*Stop and Frisk (P.G. 212-11)*
*Trespass Affidavit Program (I.O. 23, series 2012)*

**FORMS AND REPORTS**

*ACTIVITY LOG (PD112-145)*
*STOP, QUESTION AND FRISK REPORT WORKSHEET (PD344-151A)*
*TRESPASS CRIMES – OWNER'S AFFIDAVIT (PD651-051)*
*TRESPASS CRIMES – FACT SHEET (PD351-144)*

L_NYC005909

    3.    Commands will requisition the **TRESPASS CRIMES - OWNER'S AFFIDAVIT (PD651-051) [Rev. 05-12]** and **TRESPASS CRIMES – FACT SHEET (PD351-144) [Rev. 05-12]** through the Quartermaster Section by using the following information:

| INDEX NUMBER | PD NUMBER | TITLE |
|---|---|---|
| 2211 | 651-051 [Rev. 05-12] | TRESPASS CRIMES - OWNER'S AFFIDAVIT |
| 2210 | 351-144 [Rev. 05-12] | TRESPASS CRIMES – FACT SHEET |

    4.    Any provisions of the Department Manual or any other Department directive in conflict with the contents of this Order are suspended.

**BY DIRECTION OF THE POLICE COMMISSIONER**

**DISTRIBUTION**
All Commands

INTERIM ORDER NO. 22

L_NYC005910