# EXHIBIT C

Davis, et al. v. The City of New York, et al. — Case 1:12-cv-02274-SAS-HBP Document 44-3 Filed 09/24/12 Page 2 of 6 — NYC00010896

'02 15:39  PD LEGAL BUREAU  1212 374 0276

# TRESPASS AFFIDAVIT PROGRAM



## LEGAL GUIDELINES FOR CITIZEN ENCOUNTERS IN TRESPASS AFFIDAVIT BUILDINGS

GEORGE A. GRASSO
DEPUTY COMMISSIONER, LEGAL MATTERS

THOMAS P. DOEPFNER
ASSISTANT COMMISSIONER
COMMANDING OFFICER, LEGAL BUREAU

LIEUTENANT JAMES J. OSGOOD
EXECUTIVE OFFICER, LEGAL BUREAU

JANUARY, 1999

ENCL. 3A

L_NYC001?3

Davis, et al. v. The City of New York, et al.    Case 1:12-cv-02274-SAS-HBP   Document 44-3   Filed 09/24/12   Page 3 of 6   NYC00010897

# POLICE DEPARTMENT
# CITY OF NEW YORK

Memorandum From:    Deputy Commissioner, Legal Matters

Subject:    TRESPASS AFFIDAVIT PROGRAM GUIDEBOOK

The following guidebook has been developed by my staff to assist uniformed members of the service who conduct vertical patrols pursuant to the Trespass Affidavit Program. Vertical patrols, as demonstrated in the Department training film entitled *Routine Vertical Patrol*, are anything but routine and are fraught with danger and uncertainty. Fundamental, sound tactics and safety are always of utmost importance. Furthermore, interacting with the public, both law abiding citizens and those who are subjects of investigations, is a critical part of good, effective police work. In today's environment a solid, working knowledge of the laws concerning a police officer's ability to Stop, Question & Frisk individuals is essential for professional police officers to perform their very difficult, yet critically important, functions effectively and with integrity. It is with this spirit that this training guide has been developed. However, the reader must be mindful that this guide is an outline of police-citizen encounters. For more in-depth treatment of the topics one should refer to the source reference material listed on the last three pages of this guidebook.

The Manhattan District Attorney's Office began the Trespass Affidavit Program in 1991 in response to drug dealers taking control of hallways, stairwells and basement areas of private buildings. The Trespass Affidavit Program encourages tenants or members of the community to register a confidential complaint about drug trafficking activity in a particular building with their local precinct or the Manhattan District Attorney's Community Affairs Unit. The landlord of the building will then be invited to a meeting at the precinct with a community policing officer and a member of the Manhattan District Attorney's Community Affairs Unit to review safety issues affecting the building and to register the building in the program. Landlords provide police officers with keys to their building and a complete list of tenants. Landlords also sign affidavits that permit police officers to conduct "vertical patrols" and clarify that anyone found in the building who is not a tenant, or invited guest, could be subject to arrest for criminal trespass. The affidavit is renewed every ninety days. Additionally, the Manhattan District Attorney's Office provides the landlords with signs, for posting outside of their building, which read, "No Trespassing, This Building is for Tenants and Their Guests ONLY."

It must be remembered, however, that even with the tenant list and an affidavit signed by the landlord, police officers are restricted in their abilities to stop and question people they encounter during their vertical patrols. Hopefully, this guidebook will clear up any confusion

1

L_NYC001084

```
                  15:40         PD LEGAL BUREAU                   1212 374 0276      P.05
```

surrounding the rules concerning Stop, Question and Frisk in a trespass affidavit building.

      The Office of the Chief of Department and the New York County District Attorney's Office have played crucial roles in the development and implementation of the Trespass Affidavit Program. In the past seven years, the Trespass Affidavit Program has expanded to address complaints of prostitution, burglary and assault. It has also been enlisted to correct conditions at vacant buildings and privately owned empty lots where trespass is a problem. Currently, more than 2,500 buildings are enrolled in the Trespass Affidavit Program in Manhattan. The Trespass Affidavit Program is indeed a valuable enforcement tool that can greatly assist the Department in its efforts to reduce crime.

George A. Grasso
Deputy Commissioner,
Legal Matters

2

L_NYC001085

SUSPICION) AN OFFICER MAY NOT ASK ACCUSATORY OR INVESTIGATORY QUESTIONS.

B. **MERE SUSPICION - APPROACH AND QUESTION - NO FORCE**

(i) <u>Definition</u> - If the officer has very little, but some basis for believing that the person is engaged, has engaged, or is about to engage in crime, the officer has only mere suspicion. At this level of suspicion, the officer may approach the person and ask questions. He <u>may not use force</u> nor in any way detain the person against his will (this is known as common law right of inquiry).

POLICE OFFICERS SHOULD FAMILIARIZE THEMSELVES WITH COMMUNITY COMPLAINTS AND INTELLIGENCE INFORMATION (E.G., NITRO) CONCERNING THE BUILDING IN WHICH THEY ARE GOING TO CONDUCT A VERTICAL PATROL. THIS DETAILED INFORMATION WILL FORM THE BASIS OF MERE SUSPICION AND WILL ALLOW AN OFFICER TO APPROACH A PERSON AND ASK QUESTIONS.

IT MUST BE REMEMBERED THAT, AT THIS LEVEL OF SUSPICION AN INDIVIDUAL STILL CANNOT BE FORCIBLY DETAINED. THEREFORE, AN INDIVIDUAL MAY ELECT NOT TO TALK TO A POLICE OFFICER AND MAY LAWFULLY STATE THAT HE IS "PASSING THROUGH."

IT SHOULD BE UNDERSTOOD THAT WHEN AN OFFICER IS NOT IN THE BUILDING (E.G., SITTING ACROSS THE STREET IN AN R.M.P.), <u>MERELY</u> OBSERVING AN INDIVIDUAL ENTERING AND EXITING THE BUILDING, OR SIMPLY EXITING THE BUILDING, IS NOT ENOUGH TO CONDUCT A STOP.

(ii) <u>Questions and Answers</u> - When the answers to the officer's questions and the suspect's reactions do not increase suspicion, and there is no other evidence that the person is engaged in criminal activity, or has a weapon, the officer must not detain him further.

When the answer to the officer's questions are vague, ambiguous, evasive or patently false, the officer's suspicions may increase allowing a forcible detention of the person.

Likewise a refusal to answer may raise the level of suspicion although a person has a constitutional right to remain silent. The silence will not be a basis for arrest. However, if under the circumstances a reasonable person would speak, the level of suspicion may increase allowing a further inquiry or forcible detention if coupled with other factors.

L_NYC001089

-21-2004  15:41      PD LEGAL BUREAU                        1212 374 0276      P.10

AN INDIVIDUAL'S OBVIOUSLY FALSE STATEMENT MAY RAISE THE OFFICER'S LEVEL OF SUSPICION TO THAT OF REASONABLE SUSPICION, PERMITTING A FORCIBLE STOP. AFTER AN INVESTIGATION, THAT SAME FALSE STATEMENT MAY LEAD TO PROBABLE CAUSE AND AN ARREST.

C. REASONABLE SUSPICION - APPROACH, QUESTION AND FORCIBLE STOP

(i) Definition - If the officer has a basis for suspicion that a person is engaged, has engaged or is about to engage in crime, and that belief would be shared by other prudent men given the same facts and circumstances known to the officer, then the officer has REASONABLE SUSPICION.

At this level of suspicion, the officer may approach, question and forcibly detain the person.

(ii) Use of Force - The force used must be reasonably related to the circumstances which justified the stop.

The following are some examples of force:

1) authoritative oral command
2) placing of hands upon the suspect
3) drawing gun
4) pointing gun
5) using nightstick to contain suspect
6) placing suspect against wall or other stationary object
7) placing suspect on ground
8) handcuffing

Each of the above examples of force increases in intensity. Not all are legally permissible in every forcible stop. For example, although a command to stop is permissible in every reasonable suspicion stop, placing a suspect on the ground ordinarily would not be reasonable unless a violent crime had been committed and there was a need to obtain immediate compliance by and control of the suspect for the officer's safety.

L_NYC001090