# EXHIBIT F

HB#317s.09



**OFFICE OF THE DISTRICT ATTORNEY, Bronx County**

---

**ROBERT T. JOHNSON**
**DISTRICT ATTORNEY**

198 East 161 st Street
Bronx, New York 10451

(718) 590-2000
www.bronxda.nyc.gov

*JEANNETTE RUCKER*
*Assistant District Attorney*
*Chief*
*Complaint Room/Arraignments*
(718) 590-2083

April 15, 2009

Chief Joan Jaffe
Borough Commanding Officer
One Police Plaza, Room 920
New York, NY 10038

Dear Chief Jaffe:

I am writing to inform you that the cases involving trespass have been very problematic for the District Attorney's Office. Judges are dismissing these cases as a result of the insufficiency of the original complaint. To rectify this problem certain changes must be made in the drafting of these cases. The recent decisions dismissing cases will not be appealed by this Office (see Judicial decision attached). The following changes must be instituted in the handling of trespass cases from the arrest to drafting the accusatory instrument to avoid further dismissals.

    a) The location must be an active Clean Halls or NYCHA location.
        1) Clean Halls Affidavit must be reviewed to ensure that the affidavit is still valid.

        2) There have been many occasions in the last few months where the District Attorney's Office has learned that the Clean Halls Affidavit on file is invalid because the owner/managing agent no longer owns or manages the location.

        3) Precincts must ensure that all affidavits are properly signed and notarized (affidavit is invalid if the Notary stamp is illegible or the document is not signed and notarized on the same date).

    b) There must be conspicuously posted No Trespassing signs, locked doors and a buzzer entry system etc.

    c) The defendant must be standing in the building proper (basement, lobby or higher floors). The vestibules where the buzzer system is located is not sufficient to establish trespass in a dwelling because this area is open to the public.

**CONFIDENTIAL**

**L_NYC005872**

d) The officers must ask the prerequisite trespass questions:
    1)Why are you in the building? or
    2) What is your purpose in the building?
    3) Do you know anyone in the building? If yes then

        a) What is the person's name?

        b) What apartment number do they live in?

e) If defendant provides Officer with a name and apartment number, the Office **must** go to the apartment to investigate.

        a) If apartment is unoccupied, Officer must check with the superintendent or the tenant roster as to whether the named person lives in said apartment.

        b) If the person named **does** live in the apartment the defendant **should not** be arrested.

f) If defendant fails to answer the Officers questions, (i.e. remains mute etc.) the Officer must check the tenant roster for the defendant's name to ensure he/she does not reside in the building in order for the case to proceed.

In order to account for the new trespass parameters the Cleans Halls and NYCHA Supporting Depositions and the Supplemented Fact Sheet have been changed. (see new attached)

These changes must be made effective immediately in order to prevent further dismissals. I thank you in advance for your cooperation in this matter.

Sincerely,

Jeannette Rucker
Chief
Arraignments/Complaint Room

JR:lvm
cc: Odalys Alonso, Chief Assistant District Attorney
    Anthony Schepis, Executive Assistant District Attorney
    Robert Dreher, Executive Assistant District Attorney
    Thomas Doephner, Assistant Deputy Commissioner of Legal Matters
    Phillip Pulaskey, Assistant Deputy Commissioner of Legal Matters
    Gabriella King, Complaint Room Supervisor
    Concetta Petrillo, Complaint Room Supervisor
    Eva Randazzo, Complaint Room Supervisor
    Georgia Barker, Complaint Room Supervisor
    Julissa Severino, Support Staff Supervisor
    Lorraine Williams, Acting Support Staff Supervisor
    Weekend Supervisors

**CONFIDENTIAL**