# EXHIBIT G



OFFICE OF THE DISTRICT ATTORNEY, Bronx County

| | | |
|---|---|---|
| ROBERT T. JOHNSON<br>DISTRICT ATTORNEY<br><br>*JEANNETTE RUCKER*<br>*Assistant District Attorney*<br>*Chief*<br>*Complaint Room/Arraignments*<br>(718) 590-2083 | 198 East 161st Street<br>Bronx, New York 10451 | (718) 590-2000<br>www.bronxda.nyc.gov |

July 7, 2011

Deputy Inspector William McSorley
48th Precinct
450 Cross Bronx Expressway
Bronx, NY 10457

Dear Deputy Inspector McSorley:

In the past I addressed the issue concerning Trespass cases where the defendant was observed merely exiting a Clean Halls building and informed all police commands that defendants needed to be stopped inside the building otherwise the case would be a "decline to prosecute" except for the following exceptions:

1. Defendant provided a full explanation for his/her presence in the building (i.e. provided name of person visiting and apartment number) and the officer was able to speak with occupant of stated apartment and occupant did not corroborate defendant's story or

2. Defendant stated he/she was inside to buy drugs.

However, these two exceptions have not been upheld by the courts (Supreme Court, Appellate Division or the Court of Appeals) and as such these cases can no longer be prosecuted by the District Attorney's Office.

The courts have held that an officer has not even reached the first level of *DeBour*, which is the right to approach and request information has not been established by someone merely exiting a trespass affidavit building (i.e. Clean Halls). The courts have all held that merely exiting a Trespass Affidavit building is not sufficient to give officers an objective, credible reason to approach and without more indicia of criminality the exiting person's conduct does not escalate the level of intrusiveness to the level of a common law right to inquire. Therefore, a person just exiting a "Clean Hall" building is insufficient to amount to a level one inquiry by police officers and even if the person does not give a viable reason for his/her presence inside said location this will not support a founded suspicion that criminal activity was occurring or has occurred which would justify a common law right to inquire (i.e. *DeBour* level two).

There must be some other factor that exists to support a founded suspicion that some particular criminal activity has occurred or is occurring. The Court of Appeals and Appellate Division are in agreement that

CONFIDENTIAL

L_NYC005889

even though a person may be exiting a drug prone location or the building is in a high crime area, this alone, is insufficient for an officer to approach an individual and ask for information. There must be some other factor that would support a common law inquiry (a founded suspicion that criminal activity is occurring) for an officer to question anyone exiting a Clean Halls building.

There were several decisions that upheld an officer's right to approach and inquire, *DeBour* level two: common law right to inquire and subsequently probable cause to arrest.

### FACT SCENARIO 1

Officer observed defendant enter a Clean Halls Building and exit shortly thereafter following an apparent signal from known steerers in a drug selling operation; officer approached and asked defendant's reason for being in location, defendant stated she was visiting a friend but did not identify the friend.

The Appellate Division found these facts sufficient to justify the officer's approach, inquiry and subsequent arrest for trespass. *People v. Mugwood*, 260 A.D.2d 246 (1st Dept. 1999)

### FACT SCENARIO 2

Officer observed defendant leaving a Clean Halls building known to the officer for extensive narcotics activity, while placing something in his pocket, the defendant then appeared startled at the sight of the uniformed officer, the officer asked whether defendant lived in the building or was visiting a resident, defendant did not provide answers.

The Court found that the fact the defendant was observed placing something in his pocket after exiting a drug prone Clean Halls building gave the officer a sufficient bases for the common law right to inquire and approach the defendant for information. Basically, officers must obtain a common law right to inquire, observe a particular circumstance together with the officers knowledge that the building is a drug prone Clean Halls building that would give the officer a founded suspicion that criminal activity occurred for the officer to approach an individual exiting the building and request information. (*People v. Green*, 271 A.D.2d 235 (1st Dept. 2000)

Therefore, if officers cannot establish more than the mere fact that a defendant exited a Clean Halls building without more indicia of criminality then these cases must be declined to prosecute. It will not matter if drugs or weapons are subsequently recovered because if the officer did not have a right to approach and inquire all evidence found thereafter will be the "Fruits of the Poisonous Tree" and thereby suppressed after a suppression hearing.

The courts have further held that even if a person flees after the officer has ordered the person to stop and was giving this order because the defendant exited a Clean Halls building, flight alone will not justify the officer's pursuit (*People v. Holmes*, 81 N.Y.2d 1056 (1993) nor will the officer be justified in arresting an individual who just exited a Clean Halls building and refused to answer an officers questions. (*People v. Madera*, 189 A.D.2d 462 (1st Dept. 1993).

**CONFIDENTIAL**

L_NYC005890

However, if officers can establish that he or she had reached the common law right to inquire of the person exiting a Clean Halls building and the individual provides a name and apartment number; the officer must still fully investigate these facts as they do currently.

Sincerely,

Jeannette Rucker
Chief
Complaint Room/Arraignments

JR:lvm

cc: Odalys Alonso, Chief, Assistant District Attorney
Anthony Schepis, Executive Assistant District Attorney
Robert Dreher, Executive Assistant District Attorney
Gabriela King, Complaint Room Supervisor
Colleen Barry, Complaint Room Supervisor
Eva Urrutia, Complaint Room Supervisor
Tina Petrillo, Complaint Room Supervisor
Georgia Barker, Complaint Room Supervisor
Donna Jo Fonseca, Complaint Room Supervisor
Complaint Room Weekend Supervisors

CONFIDENTIAL

L_NYC005891