# EXHIBIT J

## Page 1

```
 1   IN THE UNITED STATES DISTRICT COURT
 2   FOR THE SOUTHERN DISTRICT OF NEW YORK
 3   -------------------------------------
     KELTON DAVIS, WILLIAM TURNER,
 4   ALTAGRACIA HERNANDEZ, EDWIN LARREGUI,
     ROMAN JACKSON, KRISTIN JOHNSON,
 5   ELEANOR BRITT, ANTHONY ANDERSON,
     LASHAUN SMITH, SHAWNE JONES, HECTOR
 6   SUAREZ, ADAM COOPER, ANDREW
     WASHINGTON, P.L. By His Parent LISA
 7   PIGGOTT, DAVID WILSON, and GENEVA
     WILSON, individually and on behalf of
 8   a class of all others similarly
     situated,
 9
                Plaintiffs,
10
            -against-            10 Civ.699
11                              [rel. 08 Civ.
     THE CITY OF NEW YORK and NEW YORK   1034](SAS)
12   CITY HOUSING AUTHORITY,
13              Defendants.
14   -------------------------------------
15           December 6, 2011
             10:24 a.m.
16
17   Videotaped deposition of DEPUTY COMMISSIONER
18   JULIE L. SCHWARTZ, taken by Plaintiffs, pursuant
19   to Notice, held at the offices of Paul Weiss
20   Rifkind Wharton & Garrison LLP, 1285 Avenue of
21   the Americas, New York, New York, before Joseph R.
22   Danyo, a Shorthand Reporter and Notary Public
23   within and for the State of New York.
24
25   HUDSON REPORTING & VIDEO    1-800-310-1769
```

## Page 2

```
 1
 2   APPEARANCES:
 3
     NAACP LEGAL DEFENSE AND EDUCATIONAL FUND,
 4   INC.
     Attorneys for Plaintiffs
 5   99 Hudson Street
     Suite 1600
 6   New York, New York 10013
 7   By: JIN HEE LEE, ESQ.
         JOHNATHAN SMITH, ESQ. (Afternoon
 8       Session Only)
 9         -and-
10   THE LEGAL AID SOCIETY
     199 Water Street
11   New York, New York 10038
12   By: MARLA S. BODDEN, ESQ.
13         -and-
14   PAUL WEISS RIFKIND WHARTON & GARRISON LLP
     1285 Avenue of the Americas
15   New York, New York 10019-6064
16   By: AGNETHA E. JACOB, ESQ.
17
18   NEW YORK CITY LAW DEPARTMENT
     OFFICE OF THE CORPORATION COUNSEL
19   100 Church Street
     New York, New York 10007
20
     By: TONYA JENERETTE, ESQ.
21       GEORGE SOTERAKIS, ESQ.
22
23
24
25
```

## Page 3

```
 1
 2   APPEARANCES: (Continued)
 3
     Also Present:
 4
     DEBORAH L. ZOLAND, ESQ.
 5   DANIEL PASSESER,
     NYPD
 6
     NICHOLAS GUZMAN,
 7   Videographer
 8           oOo
```

## Page 4

```
 3       IT IS HEREBY STIPULATED AND AGREED, by and
 4   among the attorneys for the respective parties
 5   hereto, that the sealing and filing of the within
 6   deposition be, and the same hereby are, waived;
 7   and that the transcript may be signed before any
 8   Notary Public with the same force and effect as
 9   if signed before the Court.
10       IT IS FURTHER STIPULATED AND AGREED that
11   all objections, except as to the form of the
12   question, shall be reserved to the time of trial.
```

257

```
             Schwartz
 1
 2   done because now we have all these different
 3   programs and we have the investigators come to
 4   watch trials and meeting with the board. We have
 5   encouraged them to not -- to try not to overrule
 6   the investigators unless, you know, there is a --
 7   unless there is legally sufficient reasons to do
 8   so, because they make those kind of cases that
 9   much harder to prove.
10       Q. And you said that the rate of the DAO
11   declining to prosecute has decreased?
12       A. Yes.
13       Q. When did that decrease begin?
14       A. Last year, 2010.
15       Q. How much of a decrease?
16       A. Significant. For a couple of years
17   we were at a rate where almost a third of the
18   cases we were unable to prosecute. I think last
19   year roughly 20 percent of the cases. And so far
20   this year about 16 percent of the cases that we
21   are unable to prosecute, so we are moving in a
22   very good direction.
23       Q. Has the number of cases that your
24   office has dismissed, has that changed?
25           MS. JENERETTE: Objection to form.
```

258

```
             Schwartz
 1
 2       A. Yes.
 3       Q. How has it changed?
 4       A. Well, because in general, not just
 5   with the CCRB, but because since when I came on
 6   as the advocate, one of the things I tried to
 7   instill is better investigations from the groups
 8   that come to us with the cases and a better
 9   up-front analysis, like the first year I think I
10   ended up dismissing 63 cases.
11           Now it is a few cases a year, and it
12   has been kind of a witness uncooperating or maybe
13   some kind of evidence comes up later, so that is
14   the big difference.
15       Q. Going back to Schwartz Exhibit 9,
16   looking at the dispositions, it appears that
17   instructions is the most common disposition. Is
18   that true for allegations of wrongful stop in
19   general?
20       A. It would be fact-specific. I mean
21   cases that fall within the abuse of authority
22   area can be where an officer he or she believes
23   they are doing the right thing. These cases were
24   officers have a misconception because it was a
25   NYCHA property or a TAP building that they didn't
```

259

```
             Schwartz
 1
 2   need to follow reasonable suspicion to make a
 3   stop. They could stop anyone.
 4           That is why these cases were ripe for
 5   instruction. These were training issues. These
 6   were issues that the officer needed to learn the
 7   appropriate -- that the appropriate rules still
 8   applied. It didn't change because of the
 9   location.
10       Q. But, if an officer who received
11   instructions engaged in the same misconduct a
12   subsequent time, they would be ineligible for
13   instructions?
14       A. Correct.
15           (Schwartz Exhibit 12, Document
16       bearing Bates numbers NYC 0020288 through
17       NYC 0020299, was so marked for
18       identification, as of this date.)
19       Q. I have handed you what has been
20   marked Schwartz Exhibit 12. It is multiple
21   documents with the Bates range NYC 0020288
22   through NYC 0020299. Just let me know when you
23   have had a chance to review it. I'm not going to
24   ask you questions about every page, so perhaps if
25   you just want to skim it and then if we get to a
```

260

```
             Schwartz
 1
 2   section that you can review more closely.
 3       A. Okay.
 4       Q. If you go to Bates number NYC 20292,
 5   I am going to read the first full paragraph into
 6   the record, and where there is a redaction I am
 7   just going to say redaction. So "Mr. redaction
 8   went to the 46th Precinct soon thereafter to file
 9   a complaint. Sergeant redaction was present at
10   the precinct and apologized to Mr. redaction
11   several times and told Mr. redaction that he was
12   just doing his job. Sergeant redaction gave Mr.
13   redaction some forms and told him to only
14   complete the bottom portion."
15           Do you know what complaints the
16   sergeant gave to the complainant to fill?
17           MS. JENERETTE: Objection to the form
18       of the question.
19       A. I can't answer the question. I mean
20   I would have to read this whole thing, look at
21   the CCRB file. I mean I can't answer from that
22   sentence.
23       Q. So you are not aware of any standard
24   forms that someone would give a complainant at
25   the precinct?
```

65 (Pages 257 to 260)