UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAENEAN LIGON, et al.                                :

                                                         Plaintiffs,        :      12 Civ. 2274 (SAS)(HBP)

        -versus-                                    :

CITY OF NEW YORK, et al.                      :

                                              Defendants.      :
-------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE

Alexis Karteron
Christopher Dunn
Taylor Pendergrass
Daniel Mullkoff
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, New York 10004
(212) 607-3300
akarteron@nyclu.org

J. McGregor Smyth, Jr.
Mariana Kovel
The Bronx Defenders
860 Courtlandt Avenue
Bronx, New York 10451

Juan Cartagena
Foster Maer
Roberto Concepcion, Jr.
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, New York 10013

John A. Nathanson
Tiana Peterson
Mayer Grashin
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022

Dated:  October 1, 2012
        New York, New York

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

LEGAL STANDARD...........................................................................................................2

ARGUMENT ........................................................................................................................3

    I.    EVIDENCE REGARDING PLAINTIFFS' AND NON-PARTY WITNESSES' ARREST HISTORIES IS INADMISSIBLE...................................3

    II.    EVIDENCE REGARDING THE PLAINTIFFS' AND NON-PARTY WITNESSES' PAST CRIMINAL CONVICTIONS IS INADMISSIBLE............6

    III.    THE COURT SHOULD PRECLUDE THE DEFENSE FROM ELICTING TESTIMONY OR INTRODUCING EVIDENCE CONCERNING PLAINTIFF CHARLES BRADLEY'S RELATIONSHIP WITH HIS EX-FIANCEE..................................................................................................................8

    IV.    THE COURT SHOULD PRECLUDE THE DEFENSE FROM ELICTING TESTIMONY ABOUT ANY PRIOR DRUG USE OF NON-PARTY WITNESS ANGINETTE TRINIDAD ................................................................10

CONCLUSION...................................................................................................................13

## TABLE OF AUTHORITIES

Cases

*Ligon v. City of New York*, 2012 WL 2125989 (S.D.N.Y. June 12, 2012) ............................. 1, 3, 4

*Michelson v. United States*, 335 U.S. 469 (1948) ........................................................................... 6

*Miller v. United States*, 135 F.3d 1254 (8th Cir. 1998) ................................................................ 10

*Nibbs v. Goulart*, 822 F. Supp. 2d 339 (S.D.N.Y. 2011) ...................................................... 3, 6, 7, 9

*United States v. Cadet*, 664 F.3d 27 (2d Cir. 2011) ........................................................................ 4

*United States v. Gambardella*, No. 10 Crim. 674 (KBF), 2011 WL 6314198
  (S.D.N.Y. Dec. 15, 2011) ........................................................................................................ 10

*United States v. Hayes*, 553 F.2d 824 (2d Cir. 1977) .................................................................... 7

*United States v. Ramirez*, 609 F.3d 495 (2d Cir. 2010) ................................................................. 2

*United States v. Scarpa*, 913 F.2d 993 (2d Cir. 1990) ................................................................... 2

*United States v. Whitley*, No. 04 Crim. 1381 (RCC), 2005 WL 2105535
  (S.D.N.Y. Aug. 31, 2005) ........................................................................................................ 12

*Williams v. McCarthy*, No. 05 Civ. 10230 (SAS), 2007 WL 3125314
  (S.D.N.Y. Oct. 25, 2007) .......................................................................................................... 6

Federal Rules

Fed. R. Evid. 401 ........................................................................................................................ 2, 5

Fed. R. Evid. 402 ........................................................................................................................ 2, 5

Fed. R. Evid. 404 ................................................................................................................. *passim*

Fed. R. Evid. 608 ....................................................................................................................... 9, 10

Fed. R. Evid. 609 .................................................................................................................. 6, 7, 8, 9

Fed. R. Evid. 611 ............................................................................................................................ 3

## PRELIMINARY STATEMENT

The plaintiffs in this action have filed a motion for preliminary injunction seeking an order to end the New York City Police Department's practice of conducting unlawful stops made on suspicion of trespass outside of buildings enrolled in "Operation Clean Halls" ("Clean Halls") in the Bronx.[1] At the hearing on the preliminary injunction motion, nine plaintiffs and three non-party witnesses will offer testimony regarding incidents in which they were stopped or arrested by NYPD officers on suspicion of criminal trespass while outside of Clean Halls buildings. The plaintiffs submit this memorandum in support of their motion in limine to limit the defendants' ability to elicit testimony or to offer extrinsic evidence concerning prior bad acts of those plaintiffs and non-party witnesses.

The defendants contend that evidence concerning the plaintiffs' prior bad acts is relevant to the issue of whether NYPD police officers had reasonable suspicion to stop them on suspicion of criminal trespass during the incidents at issue. With only one exception, however, there is no evidence that any police officer involved in the stops that will be placed at issue at the hearing had any knowledge of the relevant plaintiff or witness prior to the events in question. Indeed, for eight of the eleven stops in question, the police officers involved have yet to be identified. Furthermore, the Court has previously ruled that the plaintiffs' prior arrests that did not lead to criminal convictions, with the exception of arrests for trespassing within the last ten years, are wholly irrelevant to the claims in this action. *See Ligon v. City of New York*, 2012 WL 2125989, at *2 (June 12, 2012).

---

[1] Additional background information, not essential to the resolution of this motion, can be found in the Complaint, dated March 28, 2012 and the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction, dated September 24, 2012.

1

Given this background, the plaintiffs now respectfully request that the Court preclude the defendants from eliciting testimony or introducing extrinsic evidence concerning the prior arrests, convictions, or other bad acts of the plaintiffs or non-party witnesses. Such evidence is irrelevant to the matters at issue on the preliminary injunction motion and otherwise inadmissible under the Federal Rules of Evidence. Specifically, the plaintiffs seek an order precluding the defendants from (a) offering evidence or cross-examining the plaintiffs and non-party witnesses about their arrest histories; (b) offering evidence or cross-examining the plaintiffs and plaintiffs' non-party witnesses about past criminal convictions; (c) cross-examining Plaintiff Charles Bradley about his relationship with his ex-fiancée, Lisa Rappa; and (d) cross-examining non-party witness Anginette Trinidad about her past drug use.[2]

## LEGAL STANDARD

As a general matter, evidence must be relevant to be admissible. Fed. R. Evid. 402. Relevant evidence must (a) have a "tendency to make a fact more or less probable than it would be without the evidence" and (b) the fact must be "of consequence in determining the action." Fed. R. Evid. 401. Further, evidence concerning a witness's prior bad acts is inadmissible if it is offered to prove the witness's character and that the witness acted in accordance with the character on a particular occasion. *See* Fed. R. Evid. 404(b)(1); *United States v. Ramirez*, 609 F.3d 495, 499 (2d Cir. 2010) (holding that generally, evidence of a witness's prior bad acts is inadmissible).

Moreover, it is well-settled that "[t]he scope and extent of cross-examination lies within the sound discretion of the trial judge." *United States v. Scarpa*, 913 F.2d 993, 1018 (2d Cir.

---

[2] Counsel for the parties conferred about the issues raised in this motion by telephone. Counsel for the defendants indicated that the defendants may seek to introduce all categories of evidence addressed in this memorandum at the preliminary injunction hearing.

2

1990). In addition, a judge should exercise reasonable control over the "examining of witnesses and presenting of evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a).

While the Court has previously addressed the discoverability of the plaintiffs' prior arrest records, it has not ruled on the admissibility of any evidence concerning those records. In its June 12, 2012 order, the Court ruled that the defendants should be provided with access to the plaintiffs' sealed arrest records "*only* for charges of trespass or related crimes for the past ten years." *Ligon v. City of New York*, 2012 WL 2125989, at *2 (June 12, 2012) (emphasis in original). The Court did not determine how Federal Rule of Evidence 404's restrictions on the admissibility of evidence concerning a witness's prior bad acts should be applied in this case generally, nor with respect to the narrow set of issues presented by the plaintiffs' motion for a preliminary injunction.

## ARGUMENT

I.   **EVIDENCE REGARDING PLAINTIFFS' AND NON-PARTY WITNESSES' ARREST HISTORIES IS INADMISSIBLE**

In general, a witness's arrest history is irrelevant to whether an officer had reasonable suspicion to stop an individual. A prior arrest may, however, be relevant if a police officer who stopped or arrested an individual had actual knowledge of the individual's arrest history. *See Nibbs v. Goulart*, 822 F. Supp. 2d 339, 343 (S.D.N.Y. 2011) (ruling that a plaintiff's prior arrest history was irrelevant to the question of probable cause for the arrest at issue because the arresting officers had no prior knowledge of the plaintiff's arrest history). On the preliminary injunction motion, there is no evidence that suggests that any of the police officers who stopped or arrested any plaintiff or witness had any knowledge of the stopped person's arrest history.

3

Accordingly, any reference to such history would only be a veiled attempt to circumvent the Federal Rules' clear limits on propensity evidence. *See* Fed. R. Evid. 404. Moreover, such testimony would embarrass the plaintiff or witness, waste time, and distract from the task of determining the truth regarding the circumstances surrounding the stops at issue. The plaintiffs therefore respectfully request that the defendants be precluded from eliciting testimony or introducing extrinsic evidence of all prior arrests of the plaintiffs and non-party witnesses that did not lead to conviction.[3]

The plaintiffs submit that such testimony and evidence should be excluded even if prior arrests concern trespassing. The defendants have indicated that their view is that the Court's prior ruling on the discoverability of the plaintiffs' arrest histories should govern the admissibility of evidence concerning those arrests. In particular, they claim that because the Court ruled that a plaintiff's prior arrest for trespassing is discoverable even if privileged by New York's sealing statutes, *see Ligon*, 2012 WL 2125989, at *2, evidence of a plaintiff's prior arrest for criminal trespass or a related charge should be admissible regardless of the circumstances. The plaintiffs respectfully disagree.

*First,* the Court was clear that its prior ruling concerned only the discoverability of prior arrests, not admissibility. *Id.*, at *1-2 (discussing "the federal interest in broad discovery"). *Second*, the Federal Rules of Evidence bar the admission of evidence concerning prior bad acts unless they are relevant for some purpose besides propensity. *See* Fed. R. Evid. 404(b); *United States v. Cadet*, 664 F.3d 27, 32 (2d Cir. 2011) (noting that "[t]he Federal Rules of Evidence prohibit the admission of '[e]vidence of a crime, wrong, or other act' . . . 'to prove a person's character in order to show that on a particular occasion the person acted in accordance with the

---

[3] The admissibility of criminal convictions is addressed in Section II below.

4

character,' but the Rules permit such evidence to be admitted for other purposes, 'such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident'" (citing Fed. R. Evid. 404(b)).  No prior trespass arrests of the plaintiffs or non-party witnesses are admissible for a permitted purpose.

The trespass arrest histories of two plaintiffs who will testify at the preliminary injunction hearing are plainly inadmissible because the stops at issue at the hearing took place outside of their own homes.  Plaintiff Letitia Ledan has two prior arrests for criminal trespass.  Both of those arrests are nearly ten years old and occurred in parks, not residential properties.[4]  Plaintiff J.G. was arrested for trespass as juvenile when a party he attended was broken up by NYPD officers.  That case resulted in a juvenile delinquency proceeding.[5]  Evidence of these arrests should be precluded because they have no bearing on whether police officers had reasonable suspicion to stop Ms. Ledan and J.G. outside their respective homes during the stops at issue on the preliminary injunction motion.  *See* Fed. R. Evid. 401, 402.

Ms. Ledan will testify that, on two occasions, she was stopped and questioned by NYPD officers on suspicion of trespass while standing outside her own home.  The fact that, in her past, she was arrested for trespass in a park has no bearing on whether it was lawful for her to be stopped on suspicion of trespass outside her own home, especially when there is no evidence that the police officers involved (who have not been identified) were aware of Ms. Ledan's arrest history.  Similarly, J.G. will testify that he was stopped by NYPD officers as he entered his building after purchasing ketchup for his family's dinner.  Again, there is no evidence that the police officers involved (who have not been identified) were aware of J.G.'s arrest history.

---

[4] Ledan Dep., at 129:15-130:6, June 18, 2012.  (Excerpt attached as Exhibit A to the Declaration of Daniel Mullkoff, dated October 1, 2012.)

[5] J.G. Dep. at 18:18-19:6, 43:1-44:14, Aug. 28, 2012.  (Excerpts attached as Exhibit B to the Mullkoff Declaration.)

Evidence of their prior trespass arrests would serve only to embarrass Ms. Ledan and J.G., waste time, and distract from the task of determining the truth regarding Ms. Ledan's stops. Accordingly, the plaintiffs respectfully submit that the defendants should be precluded from questioning Ms. Ledan and J.G. about their trespassing arrest histories or introducing extrinsic evidence of those arrests.

In sum, applying Rule 404 and the Court's prior ruling on the relevance of the plaintiffs' sealed arrests that bear no connection to the incidents at issue in this case, the defendants should be precluded from eliciting testimony or introducing extrinsic evidence of the plaintiffs' and non-party witnesses' arrest histories. There is no evidence that suggests that any such history contributed to the decision to stop or arrest any plaintiff or witness. *See Nibbs*, 822 F. Supp. 2d at 343. Accordingly, there is no purpose besides propensity for which the defendants could offer such evidence.[6]

## II.  EVIDENCE REGARDING THE PLAINTIFFS' AND NON-PARTY WITNESSES' PAST CRIMINAL CONVICTIONS IS INADMISSIBLE

Plaintiffs also seek an order precluding the defendants from offering evidence or questioning the plaintiffs and non-party witnesses about past criminal convictions, as such evidence is not admissible for any purpose. *First*, all evidence of prior convictions is irrelevant

---

[6] In addition, the defendants should be precluded from questioning the plaintiffs and non-party witnesses about their prior arrests for impeachment purposes. A prior arrest that did not lead to conviction cannot be used for impeachment purposes, regardless of the arrest charge. *See* Fed. R. Evid. 609 (a)(2) (making only certain convictions admissible, not arrests); *Michelson v. United States,* 335 U.S. 469, 482 (1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness."); *Williams v. McCarthy*, No. 05 Civ. 10230 (SAS), 2007 WL 3125314, at *3 (S.D.N.Y. Oct. 25, 2007) (ruling that plaintiff's arrest for fraudulent accosting that did not lead to a conviction was not admissible under Fed. R. Evid. 609). For arrests that did lead to convictions, Federal Rule of Evidence 609 sets out the standard for admissibility for impeachment purposes. As discussed below, no plaintiff or non-party who will testify for the plaintiffs at the preliminary injunction has a criminal conviction record that meets Rule 609's admissibility standard. As such, there is no prior arrest of a plaintiff or non-party witness may be used for impeachment purposes.

to the material facts at issue—specifically, whether police officers had reasonable suspicion to stop plaintiffs and non-party witnesses outside of Clean Halls buildings.  Again, there is no evidence to suggest that the police officers involved in the stops at issue had any prior knowledge of the individuals they stopped, let alone their criminal histories.  As such, their prior criminal convictions could have had no bearing on the officers' reasonable suspicion.  *See Nibbs*, 822 F. Supp. 2d at 343 (barring evidence of prior convictions unless permissible under Rule 609 for impeachment purposes because the officers involved in the plaintiff's stop and arrest had no knowledge of the convictions).  Evidence of the plaintiffs' and witnesses' criminal convictions is therefore irrelevant and inadmissible.

*Second,* the past criminal convictions of the plaintiffs and non-party witnesses are inadmissible for impeachment purposes under Federal Rule of Evidence 609.  No plaintiff or witness has a felony conviction that is less than 10 years old.  *See* Fed. R. Evid. 609(a)(1)(2); 609(b)(1); *Nibbs*, 822 F. Supp. 2d at 343 ("Federal Rule of Evidence 609 permits the introduction of evidence related to a witness' prior convictions if such convictions occurred within the past ten years and if the prior crime was punishable by more than one year in prison.").  Additionally, no plaintiff or witness has been convicted of a crime involving "a dishonest act or false statement," which may be admissible under Federal Rule of Evidence 609(a)(2).  Crimes meet this definition only if they "bear *directly* on the likelihood that the defendant will testify truthfully." *United States v. Hayes*, 553 F. 2d 824, 827 (2d Cir. 1977) (emphasis added); *see also* Fed. R. Evid. 609(a)(2) (mandating admission of convictions involving dishonesty only if "the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement").

Given that no plaintiff or witness has been convicted of any such crime, no criminal conviction is admissible for impeachment purposes.

In sum, given that no plaintiff or witness's prior criminal conviction is relevant to the question of whether an officer had the requisite suspicion to conduct a stop or arrest, and no such conviction is admissible pursuant to Rule 609 for impeachment purposes, the defendants should be precluded from questioning any witness about such convictions or introducing extrinsic evidence of such convictions.

**III.    THE COURT SHOULD PRECLUDE THE DEFENSE FROM ELICTING TESTIMONY OR INTRODUCING EVIDENCE CONCERNING PLAINTIFF CHARLES BRADLEY'S RELATIONSHIP WITH HIS EX-FIANCEE**

At the hearing, Plaintiff Charles Bradley will testify that on May 3, 2011 he was arrested by the NYPD for criminal trespass after he exited 1527 Taylor Avenue in the Bronx. Mr. Bradley was there to visit his then-fiancée, Lisa Rappa, who resided there. The plaintiffs seek an order preventing the defendants from cross-examining Mr. Bradley about his relationship with Ms. Rappa and any interactions or conflicts between them. In particular, the defendants have indicated that they plan to elicit testimony from Mr. Bradley concerning one or two altercations between Mr. Bradley and Ms. Rappa. These topics are entirely irrelevant to Mr. Bradley's trespass arrest on May 3, 2011, have no bearing on his character for truthfulness, and will only serve to embarrass and harass Mr. Bradley, as well as waste time and distract from the truth-finding process.

The only aspects of Mr. Bradley's relationship with Ms. Rappa that are relevant to adducing whether the stop and arrest of Mr. Bradley were justified are that Mr. Bradley had previously resided with Ms. Rappa at 1527 Taylor Avenue and that Ms. Rappa invited Mr. Bradley to visit her at 1527 Taylor Avenue on May 3, 2011. Mr. Bradley will testify that he

was familiar with 1527 Taylor Avenue because he resided there with Ms. Rappa from September 2009 to June 2010. He will also testify about his communication with Ms. Rappa on May 3, 2011, during which she invited him to her apartment that evening. Further, the plaintiffs will introduce a notarized letter written by Ms. Rappa that was provided to the Bronx District Attorney's Office attesting to that invitation. Nothing beyond these facts about Mr. Bradley and Ms. Rappa's relationship is relevant to the legal and factual questions at issue on the plaintiffs' preliminary injunction motion.

As is true of virtually all of the incidents at issue on the preliminary injunction motion, Mr. Bradley's arresting officer, Miguel Santiago, had no knowledge of Mr. Bradley before he arrested him.[7] Consequently, Officer Santiago also had no knowledge of Mr. Bradley's relationship with Ms. Rappa, and the nature of the relationship between Mr. Bradley and Ms. Rappa could not have influenced Officer Santiago's decision to stop and arrest Mr. Bradley for criminal trespass. *See Nibbs*, 822 F. Supp. 2d at 343. Evidence concerning the relationship between Mr. Bradley and Ms. Rappa will therefore not tend to make more or less probable any fact that contributed to Officer Santiago's decision to stop and arrest Mr. Bradley. As such, it is irrelevant.

Further, evidence regarding the relationship between Mr. Bradley and Ms. Rappa is not admissible for any other purpose. Evidence of any alleged bad acts by Mr. Bradley is inadmissible under Federal Rule of Evidence 404 if it is offered as proof of Mr. Bradley's character. *See* Fed. R. Evid. 404(b)(1). The defendants should not, therefore, be permitted to elicit testimony or offer evidence of conflicts between Mr. Bradley and Ms. Rappa to impeach Mr. Bradley under Federal Rules of Evidence 608 or 609. Even acts of domestic violence

---

[7] Santiago Dep. at 20:17-21:2, July 18, 2012. (Excerpt attached as Exhibit C to the Mullkoff Declaration).

9

would have no bearing on Mr. Bradley's character for truthfulness or untruthfulness.  *See* Fed. R. Evid. 608(b); *United States v. Gambardella*, No. 10 Crim. 674 (KBF), 2011 WL 6314198, at *1 & n.1 (S.D.N.Y. Dec. 15, 2011) (denying reconsideration of order excluding of prior acts of domestic violence by witness because it was "not sufficiently probative of [the witness's] character for truthfulness or untruthfulness" and that "any probative value" of cross-examination regarding the domestic abuse "would be substantially outweighed by the danger of unfair prejudice"); *see also Miller v. United States*, 135 F.3d 1254, 1256 (8th Cir. 1998) (finding no error in district court's exclusion of cross-examination regarding "instances of domestic violence because it was collateral and had little relevance . . . and cross-examination is limited to only those acts that are probative of the propensity for truthfulness").  Moreover, Mr. Bradley has never been convicted of any crime, let alone any related to domestic violence.

In sum, there is no legitimate purpose for which the defendants could seek to introduce evidence of Mr. Bradley's relationship with Ms. Rappa beyond the facts described above.  They should therefore be precluded from eliciting testimony or introducing extrinsic evidence concerning the relationship.

## IV. THE COURT SHOULD PRECLUDE THE DEFENSE FROM ELICTING TESTIMONY ABOUT ANY PRIOR DRUG USE OF NON-PARTY WITNESS ANGINETTE TRINIDAD

At the preliminary injunction hearing, non-party witness Anginette Trinidad will testify that on the evening of March 26, 2011, Plaintiff Abdullah Turner accompanied her to 2020 Davidson Avenue in the Bronx and waited outside the building on the sidewalk while she entered the building to return a sweater to her friend.  The plaintiffs seek an order precluding the defendants from eliciting any testimony about Ms. Trinidad's past drug use because this evidence would have no purpose other than to argue propensity, would have no bearing on Ms.

10

Trinidad's character for truthfulness, and would only serve to embarrass Ms. Trinidad, and waste time.

The plaintiffs submit that Ms. Trinidad's past drug use is irrelevant to the factual dispute surrounding the circumstances of Abdullah Turner's arrest on the evening of March 26, 2011. The defendants contend that when police officers approached Mr. Turner and asked him why he was at the building, Mr. Turner said "I'm not gonna lie officer. I went to drop off my friend who I think was gonna buy weed. I don't know anyone in the building. Just waiting for my friend."[8] The plaintiffs vigorously contest that Mr. Turner ever uttered such a statement.[9] The question presented by this motion, however, is whether Ms. Trinidad's drug use prior to March 26, 2011 has any bearing on this factual dispute among the parties. The plaintiffs contend that it does not. Ms. Trinidad's prior drug use is not probative of Ms. Trinidad's reason for visiting 2020 Davidson Avenue on March 26, 2011, or of the information she conveyed to Mr. Turner about her reasons for wanting to visit 2020 Davidson.[10] Accordingly, such testimony can only be characterized as propensity evidence, which is inadmissible. Fed. R. Evid. 404(b)(1).

Additionally, Ms. Trinidad's prior drug use has no bearing on her character for truthfulness, and is therefore inadmissible as impeachment evidence under Federal Rule of

---

[8] Supporting Dep. re: Abdullah Turner (N.Y. Crim. Ct., filed Mar. 27, 2011). (Attached as Exhibit D to the Mullkoff Declaration.)

[9] When Ms. Trinidad exited 2020 Davidson Avenue, a police officer asked her why she was in the building and whether she "ha[d] anything on her that she wasn't supposed to have." Turner Dep. at 71:24-25, June 13, 2012. Ms. Trinidad replied that she had a bag of marijuana and a small knife. *Id.* at 72:4-6. Ms. Trinidad was then arrested for marijuana possession and criminal possession of a weapon. She testified at deposition that she did not obtain marijuana at the arrest location. Trinidad Dep. at 48:6-19, July 30, 2012. (Excerpts of the Turner and Trinidad depositions are attached as Exhibits E and F, respectively, to the Mullkoff Declaration.)

[10] Ms. Trinidad testified unwaveringly at deposition that she went to 2020 Davidson Avenue to return a sweater to her friend. *See, e.g.*, Trinidad Dep. at 26:11-13. Mr. Turner corroborated this testimony. Turner Dep. at 40:1-7.

11

Evidence 608(b).  *See United States v. Whitley*, No. 04 Crim. 1381 (RCC), 2005 WL 2105535, at *3 n.2 (S.D.N.Y. Aug. 31, 2005) (excluding prior conviction for drug possession because it "has little probative value on the matter of truthfulness").  The defendants should therefore be precluded from eliciting testimony about Ms. Trinidad's prior drug use at the preliminary injunction hearing.

## CONCLUSION

For the foregoing reasons, the plaintiffs respectfully request that their motion in limine be granted in its entirety.

                                              Respectfully submitted,

                                              s/ Alexis Karteron
                                              Alexis Karteron
                                              Christopher Dunn
                                              Taylor Pendergrass
                                              Daniel Mullkoff
                                              New York Civil Liberties Union Foundation
                                              125 Broad Street, 19th Floor
                                              New York, New York 10004
                                              (212) 607-3300
                                              akarteron@nyclu.org

                                              J. McGregor Smyth, Jr.
                                              Mariana Kovel
                                              The Bronx Defenders
                                              860 Courtlandt Avenue
                                              Bronx, New York 10451

                                              Juan Cartagena
                                              Foster Maer
                                              Roberto Concepcion
                                              LatinoJustice PRLDEF
                                              99 Hudson Street, 14th Floor
                                              New York, New York 10013

                                              John A. Nathanson
                                              Tiana Peterson
                                              Mayer Grashin
                                              Shearman & Sterling LLP
                                              599 Lexington Avenue
                                              New York, New York 10022

                                              *Attorneys for Plaintiffs*