UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAENEAN LIGON, et al.                          :
                                               :
                    Plaintiffs,                :    12 Civ. 2274 (SAS)(HBP)
                                               :
     -versus-                                  :
                                               :
CITY OF NEW YORK, et al.                       :
                                               :
                    Defendants.                :
-----------------------------------------------------------X

### PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION IN LIMINE

Plaintiffs respectfully submit the following memorandum of law in reply to Defendants' opposition and in further support of their motion *in limine* to preclude Defendants from eliciting testimony or introducing evidence at the preliminary injunction hearing concerning prior arrests, convictions, or other bad acts of Plaintiffs and non-party witnesses.

**I.   DEFENDANTS HAVE IDENTIFIED NO LEGITIMATE PURPOSE FOR PROFFERING EVIDENCE OF PLAINTIFFS' AND NON-PARTY WITNESSES' ARREST AND CONVICTION HISTORIES.**

Defendants argue that they should be permitted to present evidence regarding certain Plaintiffs' and one non-party witness's arrest histories because such histories are, in the words of the Defendants, "extraordinary." This argument ignores the Federal Rules' ban on the use of propensity evidence, which makes evidence of a witness's prior crimes, wrongs, or other bad acts generally inadmissible. *See* Fed. R. Evid. 404(b)(1); *United States v. Ramirez*, 609 F. 3d 495, 499 (2d Cir. 2010). Instead, the party seeking to introduce such evidence must identify a permissible purpose for introducing it. *See* Fed. R. Evid. 404(b)(2). Defendants have failed entirely to meet this burden.

1

### A. Defendants have not established that they seek to offer evidence of prior arrests or convictions for a permissible purpose under Rule 404(b).

Defendants do not contend that the arrest and criminal histories of Plaintiffs and non-party witnesses who will testify at this hearing are relevant to the material facts at issue: whether police officers had reasonable suspicion to conduct stops on suspicion of criminal trespass on the specific occasions at issue on Plaintiffs' motion for a preliminary injunction. *See Nibbs v. Goulart*, 822 F. Supp. 2d 339, 343 (S.D.N.Y. 2011) ("Because there is no allegation that the arresting officers were aware of Nibbs's arrest history . . . the Court agrees with Nibbs that his arrest history is irrelevant to the question of probable cause."). There is no evidence that suggests that any police officer involved in these incidents had prior knowledge of the individuals stopped. Defendants do not contest this fact.[1]

Instead, Defendants contend that the arrest histories of certain Plaintiffs and one non-party should be admissible under Federal Rule of Evidence 404(b)(2) to show the motives or biases underlying their testimony. Defs. Opp. at 4. This argument should be rejected. Defendants fail to offer any explanation—or any precedent—as to how the arrest histories at issue demonstrate motive or bias. On the other hand, one court that considered a similar argument roundly rejected it. *See Blackwell v. Kalinowski*, No. 08 C 7257 (MTM), 2011 WL

---

[1] Defendants contend that, for many of the stops at issue, "no police officers have been able to be identified based on the information plaintiffs have provided in this lawsuit." Defs. Opp. at 4. Defendants' efforts to locate the officers involved in those stops, however, have been minimal. For example, they only searched for UF-250 forms in the electronic database using the name of the person stopped, which they admit would only locate UF-250s for stops that results in arrest or summonses (which most of these stops did not). Musick Dep., at 32:22-33:5, Sept. 12, 2012 (attached as Exhibit A to Declaration of Alexis Karteron, Oct. 9, 2012).

Further, Defendants refused to search for paper UF-250 forms on the grounds of undue burden, even where the Plaintiffs provided the exact address and month of the incident. Musick Dep., at 119:9-11, Sept. 12, 2012; *see also* Email from Mark Zuckerman to Alexis Karteron, Aug. 1, 2012 (attached as Ex. B to Karteron Declaration). (Defendants informed Plaintiffs earlier today that they have recently searched for a paper UF-250 for one incident, the stop of Plaintiff Roshea Johnson, but did not find one.)

1557542, at *3 (N.D. Ill. April 25, 2011) (ruling that plaintiff's criminal history was not admissible as evidence of motive or bias where defendants failed to offer any details or explain how the arrests and convictions demonstrated a particular motive or bias).  The court further explained that accepting Defendants' argument would effectively re-write Rule 404 for cases alleging police misconduct, noting, "taken to its logical conclusion, defendants' argument suggests that the entire criminal arrest and conviction record of any plaintiff that ever sued a police officer would be admissible to show a potential bias." *Id.*  Of course, the Federal Rules offer no support for this proposition, and Defendants offer no authority suggesting otherwise.  Thus, Defendants have failed to sustain their burden of demonstrating a permissible purpose under Rule 404(b) for offering evidence of the arrest and conviction histories of certain Plaintiffs.[2]

### B.  Plaintiffs' Convictions Are Not Admissible Pursuant to Rule 609.

Contrary to Defendants' assertions, virtually none of Plaintiffs' or non-party witnesses' prior convictions are admissible for purposes of impeachment because they do not meet the requirements for admissibility set forth by Federal Rule of Evidence 609.[3]  Defendants cannot introduce evidence of any convictions under the first prong of Rule 609 because there are no

---

[2] Defendants further claim, implausibly, that certain witnesses' arrest histories "go to the credibility of their respective testimonies." Defs. Opp. at 4.  This argument completely ignores the Supreme Court's ruling that "[a]rrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness." *Michelson v. United States*, 335 U.S. 469, 482 (1948).  Moreover, to accept Defendants' argument would render a nullity Federal Rule of Evidence 609, which specifically sets out the circumstances under which criminal convictions may be admissible for the purpose of impeachment.

[3] The only exception is Plaintiff Roshea Johnson's conviction in 2003 for evading cigarette tax in violation of section 1814 of the New York Tax Law, which Plaintiffs concede could be admissible for impeachment purposes as a conviction involving dishonesty or false statements.

3

felony convictions that are less than ten years old.[4]  *See* Fed. R. Evid. 609(a)(1).  Defendants conveniently make no mention of Rule 609(b), under which such convictions are presumed prejudicial and inadmissible.  *See* Fed. R. Evid. 609(b) (evidence of a conviction over ten years old "is admissible only if . . . its probative value, supported by specific facts and circumstances, *substantially outweighs* its prejudicial effect . . . ." (emphasis added)); *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) ("We have recognized that Congress intended that convictions over ten years old be admitted very rarely and only in exceptional circumstances." (citations omitted)).  Defendants have offered no argument as to why the probative value of those convictions "substantially outweighs" their prejudicial effect.  Their need to rebut the argument that "these witnesses' testimonies are credible," Defs. Opp. at 4, fails to meet that burden.

Defendants similarly cannot admit any of Plaintiffs' and non-party witnesses' misdemeanor convictions for impeachment purposes under Federal Rule of Evidence 609(a)(2).  Rule 609(a)(2) allows the admission of evidence concerning convictions for *crimen falsi*, *i.e.*, crimes involving a dishonest act or false statement.  Fed. R. Evid. 609(a)(2); *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (noting that "Congress emphasized that [Rule 609(a)(2)] was meant to refer to convictions peculiarily probative of credibility" (internal quotation marks and citation omitted)).  Contrary to Defendants' assertions, the misdemeanor convictions of Plaintiffs and non-party witnesses are for crimes that are not *per se* considered *crimen falsi* under Rule 609(a)(2).[5]  *See Hayes*, 553 F.2d at 827 ("It follows that crimes of force,

---

[4] The felony convictions that Defendants seek to introduce all date to the mid-1990s: Plaintiff Letitia Ledan's 1993 conviction for attempted sale of narcotics, Plaintiff Roshea Johnson's convictions in 1993 and 1994 for robbery and assault, and Plaintiff Fernando Moronta's withheld adjudication for burglary in 1994.  *See* Defs. Opp. at 1-2, 3-4.

[5] Defendants seek to introduce evidence of only the following misdemeanor convictions pursuant to Federal Rule of Evidence 609(a)(2):

4

such as armed robbery or assault . . . or crimes of stealth, such as burglary . . . or petit larceny . . . do not come within this clause." (citations omitted)); *Daniels v. Loizzo,* 986 F. Supp. 245, 249 (S.D.N.Y. 1997) (drug related conviction was not admissible under Fed. R. Evid. 609(a)(2)).[6]

The cases Defendants cite to support their contention that Plaintiffs' and non-party witnesses' convictions are admissible under Fed. R. Evid. 609(a)(2) are unavailing. In *United States v. Estrada,* the Second Circuit actually upheld the trial court's determination that a witness's larceny conviction did not qualify as *crimen falsi* and was not admissible under 609(a)(2). 430 F.3d 606, 615 (2d Cir. 2005). Defendants' selected quotation to this Court's decision in *Williams v. McCarthy*—"stealing is sufficiently related to veracity"—was taken from the Court's discussion of whether *felony* convictions for attempted robbery and grand larceny should be permitted under Rule 609(a)(1), *not* whether misdemeanor convictions were properly admissible under Rule 609(a)(2). *See Williams*, 05 Civ. 10230 (SAS), 2007 WL 3125314, at *1

---

- Plaintiff Letitia Ledan's 2003 conviction under N.Y. Penal Law 140.35 for possession of burglar's tools, a misdemeanor (Defs. Opp. at 2);
- Plaintiff Roshea Johnson's misdemeanor conviction under N.Y. Tax Law § 1814 for evading cigarette taxes (Defs. Opp. at 2) (which Plaintiffs concede may be admissible, *see* n.3, *supra*);
- Plaintiff Abdullah Turner's misdemeanor conviction for criminal possession of a controlled substance (Defs. Opp. at 8 n.6);
- Non-party Antoine Ledan's misdemeanor convictions for petit larceny (Defs. Opp. at 3);
- Non-party Anginette Trinidad's guilty plea for a violation (shoplifting) (Defs. Opp. at 10 n.10).

[6] Plaintiffs acknowledge that under limited circumstances, misdemeanor larceny convictions may be used for impeachment pursuant to Rule 609(a)(2). However, such admission is appropriate only when there is a specific showing that the crime involved dishonesty or a false statement. *See United States v. Payton*, 159 F.3d 49, 57 (2d Cir. 1998) (noting that for a larceny conviction, the court would "look beyond the elements of the offense to determine whether the conviction rested upon facts establishing dishonesty or false statement"); *Hayes*, 553 F.2d at 827 (noting that if there is doubt as to whether Rule 609(a)(2) applies, the party seeking to introduce evidence of a conviction has the burden to "demonstrate to the court that a particular prior conviction rested on facts warranting the dishonesty or false statement description" (internal quotation marks and citation omitted)).

(S.D.N.Y. Oct. 25, 2007).[7]  In short, Defendants have offered no precedent to support their argument that Plaintiffs' misdemeanor convictions should be admitted pursuant to Federal Rule of Evidence 609(a)(2).

Finally, Plaintiffs object to Defendants' introduction of evidence of the use of aliases under Federal Rule of Evidence 608(b).  Rule 608(b) permits, in the discretion of the court, inquiry into specific instances of conduct of a witness, other than convictions, only where the conduct is probative of truthfulness or untruthfulness.  The use of aliases by Plaintiffs Roshea Johnson and Letitia Ledan should not be permitted because both instances are well over ten years old, a fact that detracts substantially from their probative value.  *See Bachir v. Transoceanic Cable Ship Co.*, 98 CIV. 4625 (JFK), 2002 WL 413918, at *10 (S.D.N.Y. Mar. 15, 2002) (noting that "[t]he remoteness of the alleged bad acts is a factor for the trial court to consider" under Rule 608(b)); *United States v. Vereen*, 3:99 CR 279 (CFD), 2000 WL 490740, at *6 (D. Conn. Mar. 2, 2000) (noting that "courts have generally applied the ten-year limit of Rule 609(b) to Rule 608, despite the absence of explicit language to that effect under Rule 608").  Nevertheless, to the extent a witness's use of aliases is permitted on cross-examination, the use of extrinsic evidence is impermissible.  *See* Fed. R. Evid. 608(b).  Further, the scope of any cross-examination should be limited to the use of an alias, not the fact of an arrest or the circumstances surrounding it.  *See Young v. Calhoun*, 85 CIV. 7584 (SWK), 1995 WL 169020, at *5 (S.D.N.Y.

---

[7] Defendants cite *Jones v. City of New York*, No. 98 CIV 6493 (LBS), 2002 WL 207008 (S.D.N.Y. Feb. 11, 2002), to argue that burglary convictions should be permissible for impeachment. (Defs. Opp. at 3.)  *Jones* found only that burglary *felony* convictions, less than ten years old, may be admissible under Rule 609(a)(1).  2002 WL 207008, at *2.  Plaintiffs acknowledge that Magistrate Judge Bloom in *Hernandez v. Kelly* permitted introduction of a misdemeanor shoplifting conviction because it "involves dishonesty."  No. 09 CV 1576 (TLM) (LB), 2011 WL 2117611, at *2 (E.D.N.Y. May 27, 2011).  The plaintiff in *Hernandez* was a pro se prisoner, however, and the Court should not find that holding persuasive in light of contrary Second Circuit case law such as *Estrada*.

Apr. 10, 1995) ("Defendants may inquire into plaintiff's use of aliases, however, without eliciting the fact that plaintiff was arrested and/or convicted for prior criminal conduct in connection with the use of these aliases."); *Fletcher v. City of New York,* 54 F. Supp. 2d 328, 333 (S.D.N.Y. 1999) (same).

For the foregoing reasons, Plaintiffs' motion for an order precluding Defendants from eliciting any testimony or offering any evidence of Plaintiffs' or non-party witnesses' prior arrests, convictions, or use of aliases at the hearing should be granted.

## II. DEFENDANTS HAVE IDENTIFIED NO LEGITIMATE PURPOSE FOR PROFFERING EVIDENCE OF ALLEGED PHYSICAL ALTERCATIONS BETWEEN PLAINTIFF CHARLES BRADLEY AND LISA RAPPA.

Defendants' desire to introduce evidence and question Plaintiff Charles Bradley regarding alleged acts of violence between he and Lisa Rappa is plainly a diversion into collateral matters which will unfairly embarrass and harass Mr. Bradley and waste the Court's time. The very personal details about Mr. Bradley and Ms. Rappa's intimate relationship to which Mr. Bradley testified at deposition and that Defendants cite in their Opposition Brief have no relevance to whether, on May 3, 2011, Police Officer Santiago had reasonable suspicion to stop Mr. Bradley for criminal trespass. As noted in Plaintiffs' opening brief—and uncontested by Defendants—Officer Santiago had no knowledge of Mr. Bradley before May 3, 2011 and, therefore, no knowledge of his relationship with Ms. Rappa. *See* Pls. Br. at 9 (citing Santiago Dep. at 20:17-21:2). For the same reasons that a prior criminal history that is unknown to an arresting officer at the time of an arrest is irrelevant to the issue of probable cause, the history of Mr. Bradley and Ms. Rappa's disagreements is irrelevant to Officer's Santiago's decision to stop and arrest Mr. Bradley. *See Nibbs,* 822 F. Supp. 2d at 343.

Defendants' only proposed purpose for offering evidence of the nature of Mr. Bradley's relationship with Ms. Rappa is the implausible argument that such evidence would bolster Officer Santiago's version of events and undermine Mr. Bradley's version. Defs. Opp. at 7. Without explanation, Defendants assert that a history of domestic violence between Mr. Bradley and Ms. Rappa would explain: Mr. Bradley's alleged refusal to tell Officer Santiago his name; his alleged use of the term "young lady" instead of Ms. Rappa's name; and his alleged response of "I don't know" to Officer Santiago's question of what apartment he was visiting. *See* Defs. Opp. at 5-7. Plaintiffs vigorously contest that Mr. Bradley uttered any of these statements.[8] Putting that dispute aside, however, there is no evidence of any connection between Mr. Bradley's relationship with Ms. Rappa and those statements. As such, Defendants have failed to offer any legitimate purpose for which evidence of alleged domestic violence is admissible.[9]

Defendants' attempt to offer this evidence—especially evidence from *after* the challenged stop and arrest—is nothing more than a veiled attempt to use evidence of prior bad acts as propensity evidence, which is plainly prohibited by Fed. R. Evid. 404(b).[10] Defendants do not and cannot argue that evidence of Mr. Bradley's altercations with Ms. Rappa is permissible under any of the limited purposes provided by Federal Rule of Evidence 404(b).

---

[8] Mr. Bradley has testified that he was always welcome at Ms. Rappa's apartment and that Ms. Rappa specifically invited him to visit her on the day of the incident. Moreover, there is no other evidence suggesting that Mr. Bradley was not an invited guest that day. Accordingly, it takes several inferential leaps to find alleged domestic violence incidents probative of the assertion that Mr. Bradley was not an invited guest on May 3, 2011.

[9] Even if this evidence had some small probative value under Defendants' tangential theory of relevance, it would be far outweighed by the risk of prejudice from its inclusion, so should be excluded under Rule 403.

[10] As Magistrate Judge Pitman found during Mr. Bradley's deposition, Mr. Bradley's sealed September 2011 arrest is completely irrelevant to the course of events on May 3, 2011. Bradley Dep., at 48:13-16, July 10, 2012 (excerpt attached as Ex. C to Karteron Declaration).

Accordingly, Defendants should be precluded from eliciting any testimony or offering any evidence on Mr. Bradley's cross-examination regarding physical altercations, arguments, or alleged acts of domestic violence between Mr. Bradley and Ms. Rappa.[11]

### III. DEFENDANTS HAVE IDENTIFIED NO LEGITIMATE PURPOSE FOR PROFFERING EVIDENCE OF NON-PARTY ANGINETTE TRINIDAD'S PRIOR MARIJUANA USE.

Defendants should also be precluded from eliciting testimony or offering evidence regarding non-party Anginette Trinidad's alleged marijuana use prior to Plaintiff Abdullah Turner's arrest. This line of questioning is entirely irrelevant and collateral to the central inquiry at issue in the hearing, which is whether, on March 26, 2011, Police Officer Kieron Ramdeen had reasonable suspicion to stop Mr. Turner outside of 2020 Davidson Avenue. Contrary to Defendants' contention, Ms. Trinidad's prior marijuana use and Mr. Turner's knowledge of any such use has no logical bearing upon whether Mr. Turner was, in fact, trespassing at 2020 Davidson Avenue on March 26, 2011.[12]

Defendants have not identified any legitimate purpose for which they should be allowed to question Ms. Trinidad or Mr. Turner about Ms. Trinidad's prior marijuana use. Such evidence has no tendency to make any contested fact regarding what transpired that evening any more or less probable. *See* Fed. R. Evid. 401. Mr. Turner acknowledged at deposition—and Plaintiffs are willing to stipulate—that he was aware of Ms. Trinidad's use of marijuana prior to March 26, 2011. Questioning Mr. Turner about details of her past marijuana use has no additional

---

[11] Further, as noted in Plaintiffs' opening brief, such evidence cannot be used to impeach Mr. Bradley under either Federal Rules of Evidence 608 or 609. Pls. Br. at 9-10.

[12] Defendants devote an entire paragraph to Ms. Trinidad's invocation of her right against self-incrimination, Defs. Opp. at 9, yet choose not to inform the Court that Ms. Trinidad answered "No" to the following crucial question: "Did either Carlos or Luis Garcia give you marijuana at the time that you met them that evening?" (Trinidad Dep., at 48:6-19, July 30, 2012 (excerpt attached as Exhibit D to Karteron Declaration).

probative value, given that admission.  Furthermore, it is not permissible for any other purpose under the Federal Rules of Evidence.  Defendants' inquiry into Mr. Turner's knowledge of Ms. Trinidad's prior marijuana use is only a veiled attempt to use improper propensity evidence to suggest that, because Ms. Trinidad had allegedly used marijuana in the past, she was attempting to buy marijuana on March 26, 2011.  *See* Fed. R. Evid. 404(b)(1).

Even if this questioning were relevant, its probative value would be substantially outweighed by its potential to create unfair prejudice and to waste time.[13]  As such, it should be excluded pursuant to Federal Rule of Evidence 403.  Defendants will have ample opportunity to explore the facts that are actually relevant to the circumstances surrounding Mr. Turner's stop on March 26, 2011: the circumstances that led to his arrival at Davidson Avenue; his conversations with Ms. Trinidad immediately before and after they arrived there; and any and all actions he and Ms. Trinidad took once they arrived there.  Given that Defendants' proposed line of questioning has great potential to embarrass Ms. Trinidad, who is not a party to this action, and will certainly waste time at the hearing, Plaintiffs submit that this testimony should be excluded.

Accordingly, Defendants should be precluded from eliciting any testimony or offering any evidence regarding Ms. Trinidad's prior drug use at hearing.[14]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their Motion in Limine be granted in its entirety.

---

[13] Defendants' proposed scope of testimony surrounding Ms. Trinidad's prior drug use—three years—is wildly overbroad.  Defs. Opp. at 9.  Plaintiffs submit that Mr. Turner's knowledge of Ms. Trinidad's prior drug use during a period of three years before the incident in question is unreasonably long and has no probative value upon the material facts at issue in the hearing.

[14] Defendants' argument, in a footnote, that Mr. Turner's January 27, 2008 conviction for criminal possession of a controlled substance is proper 404(b) evidence is baseless.  Defs. Opp. at 8 n.6.  Defendants completely fail to explain under which of 404(b)'s limited purposes they intend to offer this evidence.

Respectfully submitted,

s/ Alexis Karteron
Alexis Karteron
Christopher Dunn
Taylor Pendergrass
Daniel Mullkoff
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, New York 10004
(212) 607-3300
akarteron@nyclu.org

J. McGregor Smyth, Jr.
Mariana Kovel
The Bronx Defenders
860 Courtlandt Avenue
Bronx, New York 10451

Juan Cartagena
Foster Maer
Roberto Concepcion, Jr.
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, New York 10013

John A. Nathanson
Tiana Peterson
Mayer Grashin
Sarah Lustbader
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022

*Attorneys for Plaintiffs*

Dated: October 9, 2012