UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAENEAN LIGON, et al.                          :
                                               :
                                               :
                                               :
              Plaintiffs,                      :    12 Civ. 2274 (SAS) (HBP)
                                               :
     -versus-                                  :
                                               :
CITY OF NEW YORK, et al.                       :
                                               :
                                               :
              Defendants.                      :
------------------------------------------------------------X

## PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION

  The defendants devote nearly their entire brief opposing the plaintiffs' motion for class certification to repeating their arguments on the merits of the plaintiffs' preliminary injunction motion.  In short, they claim that because the plaintiffs cannot establish a policy or practice amounting to a custom, the plaintiffs cannot meet the commonality and typicality requirements.

  For all of the reasons explained in the plaintiffs' briefs in support of the preliminary injunction motion and in their post-hearing Findings of Fact and Conclusions of Law, the plaintiffs have established that the defendants maintain a custom of stopping individuals without justification on suspicion of trespassing outside of Bronx buildings enrolled in the Trespass Affidavit Program.  (We will not burden the Court by repeating those arguments here.) Accordingly, the defendants' argument regarding commonality and typicality must fail.

  The few additional arguments the defendants make in their opposition brief—for example, that the plaintiffs are inadequate class representatives and that they lack standing to seek injunctive relief—are also without merit for the reasons discussed below.  As the plaintiffs

have met all of the requirements of Rule 23(a) and (b)(2), the Court should certify the class for purposes of the preliminary injunction.

### A. THE PLAINTIFFS HAVE ESTABLISHED COMMONALITY AND TYPICALITY.

The defendants address commonality and typicality together, and their sole argument for why the plaintiffs do not meet those requirements is that they have not proven that the City has an unconstitutional custom or practice. Defendants' Memorandum in Opposition to Motion for Class Certification at 2-23 (Dec. 4, 2012). In other words, the defendants appear to concede that, if the plaintiffs have met their burden to establish a custom or practice for purposes of the Motion for a Preliminary Injunction, they also have met their burden with respect to commonality and typicality. As discussed in the plaintiffs' prior briefing, they have proven an unlawful custom or practice for purposes of the preliminary injunction. Accordingly, the defendants' argument with respect to commonality and typicality has no merit.

To the extent that the defendants suggest that this case is factually similar to *Wal-Mart Stores, Inc. v. Dukes* or *Haus v. City of New York*, *see* Defs.' Opp. at 4-5, they are incorrect. In *Wal-Mart*, the plaintiffs sought to certify a class of all 1.5 million female Wal-Mart employees in the United States. 131 S. Ct. 2541, 2547 (2011). As this Court explained, "The Supreme Court found that the plaintiffs had failed to satisfy commonality because the putative class members were subjected to an enormous array of *different* employment practices" because "pay and promotion decisions at Wal-Mart are generally committed to local managers' broad discretion," and "[t]he whole point of permitting discretionary decisionmaking is to avoid evaluating employees under a common standard." *Floyd v. City of New York*, 283 F.R.D. 153, 172 (S.D.N.Y. 2012) (emphasis in original; citing *Wal-Mart*, 131 S. Ct at 2547, 2553).

In *Haus*—a Report and Recommendation by Magistrate Judge Dolinger that Judge Sweet never adopted[1]—the plaintiffs sought to certify four separate classes of participants in the February 15, 2003 anti-war march in Manhattan. 2011 U.S. Dist. LEXIS 155735, at *291 (S.D.N.Y. Aug. 31, 2011). The court held that the plaintiffs had not established commonality or typicality for any of the proposed classes because the City was entitled to summary judgment on the question of whether there was a common policy or practice, so individual adjudications rather than a single classwide determination were necessary to resolve the claims. *Id.* at *302-05, *319, *323-24, *327.[2] With respect to the proposed class of plaintiffs whose First Amendment rights were allegedly violated because they were unable to reach a protest area on First Avenue, for example, the court explained that, "[t]hough many individuals did not reach First Avenue, the reasons for that involve a host of apparently varied answers, most of which do not implicate First Amendment violations by the City and others of which involve varied circumstances that members of the public encountered that day." *Id.* at *304-05.

By contrast, the plaintiffs and class members in this case were all subjected to the same unlawful conduct by NYPD officers under the auspices of a single NYPD program—unjustified *Terry* stops occurring outdoors on suspicion of trespassing in Trespass Affidavit Program (TAP) buildings in the Bronx. Thus, the plaintiffs readily fulfill the central requirement for commonality set forth in *Wal-Mart*—that the class members' claims "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that

---

[1] The *Haus* litigation settled before the parties filed objections to the Report and Recommendation. *See* Stipulation and Order of Settlement and Dismissal, Aug. 22, 2012 (ECF 204). Accordingly, the order cited by the City has no precedential value.

[2] With respect to a subset of the proposed conditions of confinement class, the court held that the class was not sufficiently numerous but noted that it might satisfy the other requirements of Rule 23. *Id.* at *329.

determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S. Ct. at 2551.  Unlike either *Wal-Mart* or *Haus*, where multiple practices allegedly led to violations of the plaintiffs' rights, this Court's determination of whether the plaintiffs have established a custom or practice of unlawful trespass stops outside TAP buildings will resolve the preliminary injunction claims of all class members in one stroke.  *See Brown v. Kelly*, 244 F.R.D. 222, 229-31 (S.D.N.Y. 2007) (finding commonality because injuries of plaintiffs and class members who were arrested for violation of New York Penal Law section 240.35 "arose from the same practice/policy"), *aff'd in relevant part*, 609 F.3d 467 (2d Cir. 2010).  Accordingly, the plaintiffs have met the commonality and typicality requirements.[3]

### B. THE PLAINTIFFS HAVE ESTABLISHED ADEQUACY.

The defendants contend that the plaintiffs have not met the adequacy requirement due to what the defendants describe as "several unique defenses to the named plaintiffs' claims." Defs.' Opp. at 24.  In particular, they claim that unique defenses include the failure of certain plaintiffs to specifically identify the dates of the incidents or the officers involved and the plaintiffs' alleged inability to establish "whether the purported stop was even for trespass or outside of the premises of TAP enrolled buildings." Defs.' Opp. at 24.  The defendants do not provide any additional explanation as to why those supposed defenses render the named plaintiffs inadequate class representatives, and the contention has no merit.[4]

---

[3] The defendants also contend that the plaintiffs have failed to satisfy the numerosity and Rule 23(b)(2) requirements, but only on the grounds that the plaintiffs have failed to demonstrate commonality, typicality, or an unlawful custom or practice.  Defs.' Opp. at 23, 24.  Because the plaintiffs have established that the defendants maintain an unlawful custom or practice, those arguments fail.

[4] The defendants also note in the adequacy portion of their brief that the plaintiffs did not submit declarations and that they are seeking monetary damages, Defs.' Opp. at 24, but do not explain

This Court already considered and rejected the defendants' "unique defenses" argument in *Floyd*, and it should do the same here.  In *Floyd*, the defendants similarly claimed that the named plaintiffs were not adequate representatives due to unique defenses such as their inability to identify the NYPD officers who had stopped them.  283 F.R.D. at 175.  The Court explained:

> [C]ourts and juries must always consider defendants' individual defenses before determining liability. That is no bar at the certification stage.  In practice, courts in this Circuit . . . [refuse] certification only when confronted with a sufficiently clear showing that a defense unique to the representative plaintiff's claims will in fact defeat those claims.
>
> It is true that the parties have not been able to identify the police officers involved in five of the plaintiffs' eight alleged stops. At trial, defendants will argue that plaintiffs cannot establish liability for those stops; the jury may or may not agree. But defendants already moved for summary judgment on the claims of two of the four plaintiffs, including those of David Ourlicht, who was unable to identify the police officers who stopped him. Summary judgment was denied because I found that if a juror were to credit Ourlicht's testimony, she could find that he was stopped in the absence of objective reasonable suspicion that crime was afoot. That is to say, defendants failed to show that the John Doe defense will defeat plaintiffs' claims.
>
> This issue does not create a "fundamental" conflict between named plaintiffs and unnamed class members: Indeed, it may be that officers often fail to complete the required UF–250 when they conduct a quick stop and frisk . . . .
>
> The doctrine of unique defenses is intended to protect absent members of the plaintiff class by ensuring the presence of a typical plaintiff. The doctrine is not meant to protect defendants by permitting them to defeat certification because the facts raised by the claims of the representative plaintiffs are not *identical* to the facts raised by the claims of all putative class members.

*Id.* at 175-76 (footnotes and quotations omitted; emphasis in original).  Here, the defendants cannot establish that the supposed defenses "will in fact defeat" each of the named plaintiffs'

---

how those assertions relate to adequacy.  The named plaintiffs are vigorously pursuing their claims and have already submitted to lengthy discovery practice and testified at the preliminary injunction hearing in this matter.  *Cf. Floyd*, 283 F.R.D. at 175.  Further, "[t]he fact that the named plaintiffs are seeking damages on their own behalf does not make them inappropriate as class representatives."  *Daniels v. City of New York*, 198 F.R.D. 409, 416 (S.D.N.Y. 2001) (citation omitted)).

claims. *See* Plaintiffs' Revised Post-Hearing Findings of Fact and Conclusions of Law at ¶¶ 20-46 (Nov. 26, 2012). Accordingly, the defendants' adequacy argument also must fail.

### C. THE NAMED PLAINTIFFS HAVE STANDING TO SEEK INJUNCTIVE RELIEF.

Finally, the defendants argue, as they did in opposing the motion for a preliminary injunction, that the named plaintiffs lack standing to seek injunctive relief. Defs.' Opp. at 25. As discussed in the preliminary injunction briefing, the plaintiffs have standing because they are at risk of being subjected to unlawful outdoor trespass stops at TAP buildings in the future. *See* Plaintiffs' Reply Memorandum In Support of Motion for Preliminary Injunction at 8-9 (Oct. 12, 2012). The plaintiffs also note the Court's statement in *Floyd* that, in light of the widespread pattern of facially unlawful stops, even a single stop of a named plaintiff "would likely confer standing." *Floyd*, 283 F.R.D. at 170.[5]

## CONCLUSION

For all the foregoing reasons and the arguments made in the plaintiffs' Memorandum of Law in Support of Motion for Class Certification, the Court should certify the class.

---

[5] The defendants also oppose certification because they contend the class is not ascertainable. Defs.' Opp. at 24-25. As the defendants acknowledge, however, this Court rejected that exact argument in *Floyd*, explaining that "[i]t would be illogical to require precise ascertainability in a suit that seeks no class damages." 283 F.R.D. at 172.

6

                                    Respectfully submitted,


                                      /s/  Daniel Mullkoff
Daniel Mullkoff
Alexis Karteron
Christopher Dunn
Taylor Pendergrass
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, New York 10004
(212) 607-3300
dmullkoff@nyclu.org

J. McGregor Smyth, Jr.
Mariana Kovel
The Bronx Defenders
860 Courtlandt Avenue
Bronx, New York 10451
(718) 838-7878

Juan Cartagena
Foster Maer
Roberto Concepcion
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, New York 10013
(212) 219-3360

John A. Nathanson
Tiana Peterson
Mayer Grashin
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

Attorneys for Plaintiffs

Dated: December 18, 2012
       New York, NY