UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAENEAN LIGON, et. al.,                           **DEFENDANTS' BRIEF ON**
                                                  **PROPOSED REMEDIAL**
                              Plaintiffs,          **RELIEF**

              -against-

CITY OF NEW YORK, et. al,
                                                   **12-CV-2274 (SAS)(HBP)**
                              Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

Defendants hereby respectfully submit their brief on proposed remedial relief in accordance with the Court's Amended Opinion and Order at p. 146 thereof and in response to plaintiffs' submission of March 4, 2013.  For the reasons set forth herein, defendants respectfully submit that their positions as set forth herein be adopted by the Court.[1]

## FORMAL POLICY

At pages 146-147 of the Court's Amended Opinion, the Court proposes to enter an order to the NYPD "to develop and adopt a formal written policy specifying the limited circumstances in which it is legally permissible to stop a person outside a TAP building on suspicion of trespass.  The policy must reflect the fact that trespass stops outside TAP buildings are governed not only by New York state law, but by the Fourth Amendment.  Guidance in drafting this policy should be drawn from the legal discussion found in this Opinion."

---

[1] It is defendants' intent to appeal the Court's Amended Opinion of February 14, 2013 to the Second Circuit Court of Appeals upon the issuance of a final order in connection with plaintiffs' application for preliminary relief.  It is also defendants' intent to seek a stay of the implementation of the remedies ordered in connection with the Court's Amended Opinion and Order pending appellate resolution.  Nothing set forth in this brief is intended to in any way waive defendants' intended appeal and application for a stay of any remedies ordered by the Court pending appellate resolution.  Defendants also reserve the right to move for the dissolution of the preliminary injunction in accordance with the Court's Amended Opinion and Order at pp. 149-150.

In the event that the Court's grant of plaintiffs' application for preliminary relief is affirmed on appeal, defendant City will not be making a further objection to the above cited portion of the Court's Amended Opinion following the exhaustion of appellate remedies.  In such an event, the City proposes to amend Interim Order 22 of 2012 in accordance with the above cited portion of the Court's Amended Opinion.  However, the City does take issue with the timing of the submission of a draft amendment to IO 22 of 2012 as proposed by plaintiffs. The City proposes to submit its proposed amendment to IO 22 of 2012 simultaneously to the Court and plaintiffs' counsel sixty days after the exhaustion of its appellate remedies.  The requested sixty day period to make its proposal reflects the City's desire to draft the aforesaid amendment carefully and to coordinate same and be consistent with the remainder of IO 22 of 2012 and its other Interim Orders/Patrol Guide Provisions.  While the City recognizes the Court's and plaintiffs counsel's desire for expediency, given the importance of the issues being litigated in this case, the City has a strong desire to do what is required properly, hence the requested additional time.

**TRAINING**

The Court in its Amended Opinion at p. 148 proposed that "[t]he formal written policy governing trespass stops outside TAP buildings, described above, must be distributed to each Bronx NYPD member, then redistributed two additional times at six-month intervals."

In the event that the Court's grant of plaintiffs' application for a preliminary injunction is affirmed on appeal, the defendant City will not be making a further objection to this requirement.[2]  Plaintiffs, however, have made a proposal that goes well beyond distribution of the amendment to IO 22.  Plaintiffs propose that the NYPD use its "train the trainer" command

---

[2] The Court's Order contemplates distribution of the amendment of IO 22 to police officers in the Bronx only. However, as the NYPD does not police only the Bronx, the aforesaid distribution will be to officers deployed in precincts in the other boroughs as well.

level training approach, a process described at the preliminary injunction hearing in connection with the promulgation of IO 22 itself, in connection with the above court ordered amendment to IO 22 as well.  Plaintiffs contend the "train the trainer" approach is "[t]he NYPD's usual process for training on new interim orders…."  (Plaintiffs' Post Hearing Brief on Remedial Relief at p. 7)  Plaintiffs cite no support for such an assertion nor is it necessarily correct in all instances.  However, the NYPD is willing, upon exhaustion of its appellate remedies, to use its "train the trainer" approach in connection with the issuance of the aforesaid amendment of IO 22 of 2012, though the Court did not contemplate same.  Plaintiffs have proposed that the "train the trainer" concept be completed within sixty days of Court approval of the proposed amendment to IO 22 of 2012.  Defendant City does not object to that time frame, beyond the objections set forth above and herein.

The Court also proposed on p. 148 of its Amended Opinion that "[t]he stop and frisk refresher course at Rodman's Neck must be altered to incorporate instruction specifically targeting the problem of unconstitutional trespass stops outside a TAP building.  Whether the instruction includes additional slides, role-playing, or exams, it must be sufficient to convey to all officers who attend the course that reasonable suspicion of trespass is required before making a trespass stop outside a TAP building.  Training regarding these stops must also be provided to new recruits and to officers who have already attended the Rodman's Neck refresher course and are not scheduled to do so again."

Plaintiffs seem to concur with the Court's proposal in that regard and suggest that defendants provide proposals to the Court "within 30 days of the Court's order on preliminary injunction relief."  (Plaintiffs' Post Hearing Brief on Remedial Relief at p. 8)  In the event that the Court's grant of plaintiffs' application for a preliminary injunction is affirmed on appeal, the

defendant City will not be making a further objection to this requirement.  However, for the same reasons set forth above with regard to the amendment to IO 22 above, namely the desire to perform the task properly, the City requests sixty days following the exhaustion of its appellate remedies to submit its proposed revisions to the Rodman's Neck training to the Court and plaintiffs' counsel.  Defendants also submit that the "train the trainer" approach set forth above with respect to the promulgation of the amendment to IO 22 should be sufficient to satisfy the Court's concern for the retraining of officers who have already taken the course at Rodman's Neck, but who are not scheduled to take it again, as they would all receive said command level training on the amendment to IO 22 of 2012.  Training on the amendment to IO 22 would also be provided to new recruits at the Police Academy consistent with the aforesaid order of the Court. Proposed written training materials in connection with same would be provided to the Court and plaintiffs' counsel within sixty days of the exhaustion of defendants' appellate remedies.

The Court at p. 148 of its Amended Opinion proposes that "[c]hapter 16 of the Chief of Patrol Field Training Guide…be revised to reflect the formal written policy governing trespass stops outside TAP buildings described above."  In the event that the Court's grant of plaintiffs' application for a preliminary injunction is affirmed on appeal, the defendant City will not be making a further objection to this requirement.  However, for the same reasons set forth above with regard to the amendment to IO 22 above, namely the desire to perform the task properly, the City requests sixty days following the exhaustion of its appellate remedies to submit its proposed revisions to the Court for approval with copies to plaintiffs' counsel, as opposed to the time frame that plaintiffs request in their brief on remedial issues.

The Court further proposes at p. 148 of its Amended Opinion that "Training Video No. 5 must be revised to conform with the law as set forth in this Opinion."  Plaintiffs go

beyond what the Court has ordered in a number or respects and seek the production of a new videotape.   In the event that the Court's grant of plaintiffs' application for a preliminary injunction is affirmed on appeal, the defendant City will not be making a further objection to the Court's proposal or plaintiffs' desire for a new videotape to be prepared.   Although the NYPD proposes to require all uniformed police officers to view it within sixty days of completion of its production, plaintiffs' desire to have the officers view it three times each is completely unnecessary.   Once should certainly be sufficient.   The City proposes to provide the Court a script within 120 days of the exhaustion of its appellate remedies in order that the task be performed properly, as opposed to the time frame requested by plaintiffs.

**<u>SUPERVISION</u>**

At page 147 of the Court's Amended Opinion, the Court proposes the City "to take all necessary steps to ensure that UF-250s are completed for every trespass stop outside a TAP building in the Bronx."   In the event that the Court's grant of plaintiffs' application for a preliminary injunction is affirmed on appeal, the defendant City will not be making a further objection to this requirement.   However, the City reminds the Court that the necessity of completing UF-250s where required is emphasized not just for the types of stops litigated upon plaintiffs' application for a preliminary injunction, but for *Terry* stops generally.   This requirement is emphasized at the Police Academy, the Rodman's Neck refresher course and in officers' every day police work.

Plaintiffs request that the City make a proposal to ensure that UF-250s are completed where necessary within 30 days of the Court's order on preliminary relief for the Court's approval.   In addition to the above steps that are already being taken to ensure that UF-250 forms are being completed where necessary, the City proposes to reemphasize this

requirement on the new videotape that will be prepared as set forth above and in connection with the "train the trainer" approach that is proposed in connection with the promulgation of the amendment to IO 22 as set forth herein.  These proposals should be sufficient to satisfy the Court's and plaintiffs' counsel's concerns.

The Court also proposes that the City "implement a system of review modeled on the one ordered by Chief Hall in paragraph 3 of Exhibit E."  In the event that the Court's grant of plaintiffs' application for a preliminary injunction is affirmed on appeal, the defendant City will not be making a further objection to developing a review procedure for precincts in the Bronx, assuming plaintiffs' recommendation is adopted limiting this requirement to a 6 month period of time to determine if the alleged problem has been remedied.  The City emphasizes, however, that it is not objecting at this time to this requirement on the grounds that it is unduly burdensome only because of the relatively small number of stops on suspicion of trespass outside of TAP buildings in the Bronx, when compared with the number of other stops conducted citywide for outdoor trespass stops or otherwise.

Defendant City suggests that it make its supervisory review proposal to the Court and  plaintiffs' counsel within 60 days of exhaustion of its appellate remedies, and that it would be put in effect at the time that the "train the trainer" command level training is conducted as set forth above.  Defendant City accepts plaintiffs' suggestion that this process be in effect for 6 months only, and objects to any continuation of the process beyond that, unless plaintiffs can prove that there is a continuation of the problem of which they allege at the end of the aforesaid 6 month period.

The Court in its Amended Opinion at p. 147 proposes that all reviewed UF-250s be provided to plaintiffs' counsel, a requirement that the City will not be making further

objections to in the event that the Court's decision is affirmed on appeal.  However, plaintiffs have proposed that they receive the entire UF-250 database and up to date rosters of buildings enrolled in TAP so that they can determine if the "entire universe" of UF-250s that should have been made part of this review process were in fact reviewed.  The Court did not propose this, and defendant City respectfully submits that such a requirement would be unduly burdensome, unnecessary and a waste of all parties' resources at this time without further evidence that the UF-250s at issue in this litigation are not being reviewed.  Defendant City respectfully submits that the UF 250s that were the subject of the preliminary injunction hearing can be isolated and reviewed in good faith without plaintiffs receiving the entire UF 250 database and up to date TAP building rosters on a continuing basis.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that their positions on remedial relief be adopted by the Court as set forth herein.

Dated: New York, New York
        April 11, 2013

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorneys for Defendants*
100 Church Street
New York, New York 10007
(212) 442-8248


By:     /s/ Mark Zuckerman
        Heidi Grossman
        Mark Zuckerman
        Brenda Cooke
        Joseph Marutollo
        Richard Weingarten