UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

JAENEAN LIGON, individually and on behalf of her minor son, J.G.; FAWN BRACY, individually and on behalf of her minor son, W.B.; JACQUELINE YATES; LETITIA LEDAN; ROSHEA JOHNSON; KIERON JOHNSON; JOVAN JEFFERSON; A.O., by his parent DINAH ADAMES; ABDULLAH TURNER; FERNANDO MORONTA; and CHARLES BRADLEY, individually and on behalf of a class of all others similarly situated,

         Plaintiffs,

  - against -

CITY OF NEW YORK; RAYMOND W. KELLY, COMMISSIONER OF THE NEW YORK CITY POLICE DEPARTMENT; POLICE OFFICER JOHNNY BLASINI; POLICE OFFICER GREGORY LOMANGINO; POLICE OFFICER JOSEPH KOCH; POLICE OFFICER KIERON RAMDEEN; POLICE OFFICER JOSEPH BERMUDEZ; POLICE OFFICER MIGUEL SANTIAGO; and POLICE OFFICERS JOHN DOE 1–12,

         Defendants.

------------------------------------------------------- X



**MEMORANDUM OPINION AND ORDER**

12 Civ. 2274 (SAS)

1

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

# I. INTRODUCTION

Plaintiffs in this action have requested leave to move to extend the time to serve Johnny Blasini, a retired NYPD officer named as a defendant in the Complaint.[1] Blasini was not served within 120 days, and now plaintiffs seek to avoid his dismissal from this action. Plaintiffs argue that their difficulty locating Blasini constitutes good cause for the delay, and even if not, that this Court should grant a discretionary extension. Though plaintiffs have not shown good cause for their failure to serve Blasini, the circumstances of this case warrant a discretionary extension.

# II. APPLICABLE LAW

Federal Rule of Civil Procedure 4(m) provides that failure to serve a defendant within 120 days of filing the complaint will result in either dismissal of that defendant from the action or an "order that service be made within a specified time." The Rule also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

---

[1] *See* 7/2/13 Letter from Alexis Karteron, Attorney for Plaintiffs ("Karteron Letter") [Docket No. 113].

The Second Circuit has determined that Rule 4(m) gives significant discretion to the district court. In *Zapata v. City of New York*,[2] the court noted that while "an extension is always warranted upon a showing of 'good cause,' . . . the district court's determinations on whether good cause is present . . . are exercises of discretion."[3] Furthermore, because of the first clause of Rule 4(m) — allowing the district court to "order that service be made within a specified time" instead of dismissal — "extensions in the *absence* of good cause, like determinations on the *presence* of good cause, [are left] to the sound discretion of the district court."[4]

Good cause is deemed to exist in "'exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'"[5] In making this determination, "courts weigh 'the plaintiff's reasonable efforts to effect service and the prejudice to the

---

[2]   502 F.3d 192 (2d Cir. 2007).

[3]   *Id.* at 197.

[4]   *Id.*

[5]   *Songhorian v. Lee*, No. 11 Civ. 36, 2012 WL 6043283, at *3 (S.D.N.Y. Dec. 3, 2012) (quoting *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999)).

defendant from the delay.'"[6] Some factors that courts have considered when deciding whether to grant an extension despite the absence of good cause include:

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.[7]

## III. DISCUSSION

### A. Plaintiffs Have Not Demonstrated Good Cause

Plaintiffs' inability to locate Blasini and their belief that the Law Department was attempting to contact him is not sufficient to constitute good cause. The failure to serve Blasini on time was not "'the result of circumstances beyond [plaintiffs'] control.'"[8] Instead of taking reasonable efforts to ensure timely service, plaintiffs inferred from the issuance of a subpoena that the Law Department was busy searching for Blasini. Plaintiffs' letter does not reveal even a

---

[6] *Id.* at *4 (quoting *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000)).

[7] *Eastern Refractories*, 187 F.R.D. at 506. *Accord Songhorian*, 2012 WL 6043283, at *4; *De La Rosa v. New York City 33 Precinct*, No. 07 Civ. 7577, 2010 WL 1737108, at *7 (S.D.N.Y. Apr. 27, 2010).

[8] *Songhorian*, 2012 WL 6043283, at *3 (quoting *Eastern Refractories*, 187 F.R.D. at 506).

single email or phone call to the Law Department to verify this.[9] Moreover, the involvement of the Law Department in the search for Blasini did not begin until long after the service period ended.[10]

Plaintiffs cite *Crotty v. City of New York*[11] as "granting extension . . . for good cause where plaintiff's attorney 'knew that [retired NYPD officers] generally consent to have the NYPD Legal Department accept service on their behalf' and was waiting for the Law Department to inform her whether it represented the defendant." This is not an accurate representation of that case's holding. In *Crotty*, plaintiff's counsel contacted the NYPD Legal Department three times and then filed the request for extension *before* the 120 day period expired. Plaintiffs here took none of these proactive measures. Instead, they waited to see whether the Law Department would find the defendant or accept service. Thus, plaintiffs have not shown good cause for their default.

---

[9]  *See* Karteron Letter.

[10] *See id.* at 2.

[11] No. 05 Civ. 7577, 2007 WL 2793078 (S.D.N.Y. Sept. 27, 2007).

5

## B. Discretionary Extension

Despite the absence of good cause, I will nonetheless grant a discretionary extension of time to serve Blasini. As mentioned in plaintiffs' letter,[12] all but one of the factors listed in *Eastern Refractories* points in favor of allowing an extension. Without the extension, plaintiff Kieron Johnson's state law claims against Blasini will be time barred.[13] Furthermore, Blasini had actual notice of the claims asserted in the Complaint: he was deposed in this action, and he met with City attorneys on several occasions prior to the deposition.[14] Finally, there is no reasonable possibility of Blasini being prejudiced by the granting of plaintiffs' request. Not only could plaintiffs simply file a new action against Blasini under Section 1983, but Blasini will not be affected by the late service. He is almost

---

[12] *See* Karteron Letter at 3.

[13] While this service would occur outside of the statute of limitations for Johnson's state law claims, New York law only requires that the action "be commenced within one year," N.Y. C.P.L.R. 215 (McKinney 2013), meaning that the late service does not affect the timeliness of Johnson's claim. However, if the extension of time were denied, plaintiffs could file a new lawsuit against Blasini on claims under Section 1983 of Title 42 of the United States Code, *see, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004) (discussing the three-year statute of limitations on Section 1983 claims in New York), somewhat reducing the strength of this factor for plaintiffs.

[14] *See* Karteron Letter at 3

certainly indemnified under New York law[15] and has already been represented by the Law Department. While Blasini and the City did not "attempt[] to conceal the defect in service,"[16] all of the other factors weigh in favor of granting a discretionary extension.

IV. CONCLUSION

While plaintiffs have failed to demonstrate good cause, this Court grants plaintiffs a discretionary extension under Rule 4(m) to serve Blasini. Plaintiffs must serve Blasini by no later than August 2, 2013.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         July 12, 2013

---

[15]   *See* N.Y. General Municipal Law § 50-k(3).

[16]   *Eastern Refractories*, 187 F.R.D. at 506.

- Appearances -

**For Plaintiffs:**

Christopher Dunn, Esq.
Alexis Karteron, Esq.
Taylor Pendergrass, Esq.
Daniel Mullkoff, Esq.
New York Civil Liberties Union
125 Broad Street, 19th floor
New York, NY 10004
(212) 607-3300

Mariana Kovel, Esq.
The Bronx Defenders
860 Courtlandt Avenue
Bronx, NY 10451
(718) 508-3421

Juan Cartagena, Esq.
Foster Maer, Esq.
Roberto Concepcion, Jr., Esq.
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, NY 10013
(212) 219-3360

John A. Nathanson, Esq.
Tiana Peterson, Esq.
Mayer Grashin, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
(212) 848-5222

**For Defendants:**

Heidi Grossman
Mark Zuckerman
Joseph Marutollo
Brenda Cooke
Richard Weingarten
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 788-1300