UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/15
```

DAVID FLOYD, *et al.*,

                Plaintiffs,

-against-

CITY OF NEW YORK,

                Defendant.

JAENEAN LIGON, *et al.*,

                Plaintiffs,

-against-

CITY OF NEW YORK, *et al.*,

                Defendants.

08 Civ. 1034 (AT)

12 Civ. 2274 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Second Circuit's October 31, 2014 opinion, *Floyd v. City of New York*, 770 F.3d 1051 (2d Cir. 2014), paved the way for a new chapter in this litigation: the difficult process of bringing the NYPD's stop-and-frisk policies and practices into compliance with federal and state law. At this initial stage, the Monitor appointed to oversee the reforms is to consult with the parties, carefully consider each side's perspective, harmonize their views where possible and, as soon as practicable, propose Final Recommendations to the Court. *Floyd v. City of New York*, 959 F. Supp. 2d 668, 677-78 (S.D.N.Y. 2013).

    On February 3, 2015, the Court issued an order establishing procedures for the Court's consideration of the Monitor's Final Recommendations. The order states that the Monitor shall provide Final Recommendations to the parties, that the parties shall have five days to notify the Monitor of an intent to raise objections, and that the parties shall have fourteen days to advise the Court of the grounds for any objection.

By letters dated March 4 and 6, 2015, the Patrolmen's Benevolent Association and the Sergeants Benevolent Association ask to participate in the reform process by presenting their views *after* the Monitor submits his Final Recommendations. The Court believes the unions' "important perspective on these matters" should be heard earlier.

By letter dated March 18, 2015, the City suggests a way for all five police unions to participate in the remedial process now. Under the City's approach, the City will share proposals with the unions before providing them to the Monitor and the Plaintiffs. The unions may then offer their comments, which the City will convey to the Monitor. The City will continue to confer with the unions about substantial revisions proposed by the Monitor and the Plaintiffs.[1] This approach affords the unions "a practical opportunity" to inform the Monitor of their viewpoints before the Monitor reaches conclusions and submits Final Recommendations to the Court.

Accordingly, the unions' request is GRANTED to the extent that the Court invites the unions to participate in the manner described above.

SO ORDERED.

Dated: March 19, 2015
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Appropriate confidentiality provisions shall be established for the exchange of information.