

January 28, 2019

**Via ECF and email**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

**Re: Ligon v. City of New York (12-cv-2274)**

Dear Judge Torres:

On behalf of the plaintiffs in the above-captioned case, we write regarding the proposal from the New York City Police Department ("NYPD") that Defendant City of New York filed in this case on January 14, 2019. See Doc. No. 362-1. The NYPD's proposal responds to this Court's direction on November 11, 2018, that the NYPD submit "a plan to implement a program for systematically receiving, assessing, and acting on information regarding adverse findings on the conduct of police officers involving illegal stops or illegal trespass enforcements." Floyd v. City of New York, 08-cv-1034, Doc. No. 662 at 219. We are particularly concerned about two aspects of the NYPD's proposal given their close connection to the NYPD's failure to monitor and discipline unlawful trespass enforcement. Both concerns are also raised by counsel for Floyd and Davis plaintiffs in their letter to the Court today. See Floyd v. City of New York, 08-cv-1034, Doc. No. 686.

First, the NYPD's proposal to create internal committees that will make case-by-case determinations about whether and to what extent particular judicial suppression rulings or adverse credibility findings will be included in the NYPD's RAILS system would frustrate the purpose of this reform. Judicial decisions to suppress evidence or reject an officer's sworn testimony necessarily provide information that is important to monitoring officer conduct. Moreover, these determinations are made based on an adversarial process by a court of law. The NYPD characterizes the committee process as "vett[ing]" the court decisions. Doc. No. 362-1 at 4. Subjecting these rulings to "vetting" by a committee solely comprised of the NYPD's own officials creates too great a risk the NYPD will exclude important indications of officer misconduct.

Second, the Court ordered the NYPD to "submit for approval a plan to implement a program for systematically receiving, assessing, and acting on information regarding adverse findings on the conduct of police officers involving illegal stops or illegal trespass enforcements." Floyd v. City of New York, 08-cv-1034, Doc. No. 662 at 2. Likewise, the Court-appointed Facilitator's recommendation for enacting this reform proposed that the NYPD "set forth a written policy for . . . any necessary remedial measures including reassignment, retraining, or referral for discipline and investigation." Floyd v. City of New York, 08-cv-1034,

The Bronx Defenders    360 East 161st Street    t: 718.838.7878    www.bronxdefenders.org
Bronx, NY 10451    f: 718.665.0100

Doc. No. 597 at 219.  The NYPD's proposal describes no plan for how the NYPD will act on information regarding adverse findings.  Nor does the City describe any written policy for determining what remedial measures, if any, might result from indications of officer misconduct.  These open questions are crucial to implementing this reform and the NYPD should be directed to answer them.

Thank you for your time and consideration.

Respectfully submitted,

\s\  Shakeer Rahman

Shakeer Rahman
Jenn Rolnick Borchetta
Johanna Steinberg
THE BRONX DEFENDERS

Kevin Jason
Christopher Dunn
NEW YORK CIVIL LIBERTIES UNION

*Attorneys for Ligon Plaintiffs*