

666 Broadway, 7th Floor
New York, New York 10012
212-614-6464
ccrjustice.org

December 8, 2021

**VIA ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

            **Re:**    *Floyd v. City of New York, et al.*, **No. 08-cv-01034 (AT)**
                     *Davis, et al. v. City of New York, et al.*, **10-cv-0699 (AT)**
                     *Ligon, et al. v. City of New York, et al.*, **12-cv-2274 (AT)**

Dear Judge Torres,

      The *Floyd*, *Davis*, and *Ligon* Plaintiffs write jointly pursuant to the Court's invitation to recommend candidates to succeed the late Peter Zimroth as the Court-Appointed Monitor. *Floyd* Dkt. No. 866.

      As an initial matter, Plaintiffs recognize that the ultimate decision to appoint a new monitor rests with the Court alone and did not intend to suggest that this Court should cede its authority to the public in our earlier letter. *Floyd*, Dkt. No. 865. Plaintiffs sought a public and transparent process for two purposes: (1) to provide the Court with important information, especially perspectives from community members who are most directly affected by the work of the monitorship, to aid the Court's decisionmaking; and (2) to ensure greater transparency and legitimacy in this monitoring process which, as a both a litigation and public policy matter, will have a tremendous impact on the functioning of the largest law enforcement agency in the United States and, most importantly, the lives of millions of New Yorkers. These two purposes are fully supported by United States Department of Justice's recommended best practices.[1] In the absence of such a process, Plaintiffs emphasize that the new monitor will only obtain such public legitimacy by acknowledging the importance of and increasing community engagement as Plaintiffs stressed in the Motion to Modify the Remedial Order pending before the Court, *Floyd*, Dkt. No. 840—especially when determining whether the City of New York is in substantial compliance with Court-ordered reforms in these cases.

---

[1] *See* Associate Attorney General, U.S. Dep't of Justice, Memorandum for the Attorney General, Review of the Use of Monitors in Civil Settlement Agreements and Consent Decrees involving State and Local Governmental Entities (Aug. 13, 2021), https://www.justice.gov/ag/page/file/1432236/download, *approved by* Attorney General, U.S. Dep't of Justice, Memorandum of Heads of Civil Litigating Components United States Attorneys, Review of the Use of Monitors in Settlement Agreements and Consent Decrees involving State and Local Entities (Sept. 13, 2021), https://www.justice.gov/ag/page/file/1432236/download.

With these principles and considerations in mind, and due to the closed and expedited nature of the selection process, Plaintiffs are not in a position to offer recommendations for candidates to serve as the next court-appointed monitor. We arrive at this position after having spoken with the City, community stakeholders and other policing experts in the limited time available.

As counsel to the Plaintiff classes, however, we remain committed to working with the new Monitor and their team to establish new norms to ensure that robust community engagement, as well as inquiry into, and consideration of, the experiences of Black and Latinx New Yorkers from heavily-policed communities are essential components of this remedial process. Plaintiffs reiterate that the mandate of any successful monitorship, regardless of who may hold the title of monitor, is to ensure the constitutional implementation of the Court-order reforms and to "work with the parties to address any barriers to compliance." *Floyd*, Dkt. No. 372, Remedial Order at 13. Plaintiffs look forward to continuing to advocate for constitutionally implemented reforms to NYPD practices at issue in this monitorship on behalf of the class members and all New Yorkers.

We thank the Court for its attention this matter.

          Respectfully submitted,

          _____/s/_____
          Omar Farah
          Samah Sisay
          CENTER FOR CONSTITUTIONAL RIGHTS
          666 Broadway, 7th Floor
          New York, NY 10012
          Tel. (212) 614-6439

          _____/s/_____
          Jonathan C. Moore
          Luna Droubi
          Marc Arena
          Rebecca Pattiz
          Katherine "Q" Adams
          BELDOCK, LEVINE & HOFFMAN, LLP
          99 Park Avenue, PH/26th Fl.
          New York, NY 10016
          (212) 490-0400

          *Counsel for* Floyd *Plaintiffs*

        _____/s/_____
Jin Hee Lee
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street, NW, Suite 600
Washington, DC 20005
(202) 216-5579

        _____/s/_____
Raymond Audain
Kevin Jason
Lauren Johnson
Ashok Chandran
John Cusick
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

        _____/s/_____
Corey Stoughton
Steven Wasserman
Molly Griffard
Jennvine Wong
THE LEGAL AID SOCIETY
199 Water Street
New York, NY 10038
(212) 577-3300

*Counsel for* Davis *Plaintiffs*

        _____/s/_____
Christopher Dunn
Daniel R. Lambright
Guadalupe V. Aguirre
NEW YORK CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300


        _____/s/_____
Jenn Rolnick Borchetta

BRONX DEFENDERS
360 E. 161st Street
New York, NY 10451
(718) 838-7878

_____/s/_____
Andrew Case
LATINO JUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 739-7506

*Counsel for* Ligon *Plaintiffs*

cc: All Parties (via ECF)