USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 7/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAENEAN LIGON, *et al.*,

Plaintiffs,

-against-

CITY OF NEW YORK, *et al.*,

Defendants.

**SHARING ORDER**

12 Civ. 2274 (AT)

**WHEREAS**, by Order dated April 16, 2026 (Dkt No. 609), the Court ordered that the New York City Department of Investigations ("DOI") audit the New York City Police Department ("NYPD") practices to determine whether NYPD is continuing to engage in any activities resembling the Trespass Affidavit Program, and ordered that an audit be conducted in the manner described in the DOI Trespass Affidavit Program ("TAP") Audit Plan (Dkt. No. 608-1) (the "Audit Plan"), which requires NYPD and the City of New York (the "City") to provide full support for the Audit Plan;

**WHEREAS**, the Audit Plan will include review of necessary materials, such as recordings, documents, data, communications and other materials or information, by DOI; and

**WHEREAS**, to accomplish the Audit Plan, DOI must receive certain necessary materials such as recordings, documents, data, communications and other materials or information, from NYPD.

**NOW, THEREFORE, IT IS ORDERED THAT,**

1. NYPD is authorized to share necessary Confidential Material (as defined below), such as recordings, documents, data, communications and other materials or information, with DOI in furtherance of the Audit Plan.

2. Production by NYPD of the necessary Confidential Material (as defined below), such as recordings, documents, data, communications and other materials or information, may require the NYPD to share information related to sealed events, such as events related to summonses, arrests, and other police-citizen encounters that have been dismissed and/or sealed, or to share other information that may include records the NYPD would otherwise be precluded from releasing by operation of law, such as recordings that depict arrests, issuance of summonses, or juveniles being stopped and/or frisked.

3. NYPD shall share "Confidential Material"[1] which shall include recordings, documents, data, communications and other materials or information from records consisting, without limitation, of the following:

   a. Sealed or protected material that would otherwise be protected from disclosure pursuant to:
      i. N.Y. CRIM. PROC. LAW § 160.50;
      ii. N.Y. CRIM. PROC. LAW § 160.55;
      iii. N.Y. CRIM. PROC. LAW § 160.58;
      iv. N.Y. CRIM. PROC. LAW § 160.59;

   b. Confidential records that would otherwise be protected from disclosure pursuant to:
      i. N.Y. CRIM. PROC. LAW § 720.35;
      ii. F.C.A. 375.1;
      iii. F.C.A. 381.3;
      iv. F.C.A. 784; and
      v. Civil Rights Law §50-b.

4. Confidential Material shall only be used, discussed, accessed, and/or viewed within DOI by members of DOI, except as provided in Paragraph 7 of this Order.

5. DOI will preserve all information shared by NYPD under this Order and this Court's Order dated April 16, 2026 (Dkt. No. 609), and use the information only as reasonably necessary

[1] For purposes of this Sharing Order, the term "Confidential Material" shall be defined in the same manner as within Court Order dated October 11, 2018, *David Floyd v. City of New York,* 08 Civ. 1034 (AT), Dkt No. 650 at ⁋ 1(a).

to complete the Audit Plan, and will afterward destroy and/or quarantine the information/data. To the extent that DOI retains and quarantines the data following the completion of the audit plan, DOI will take appropriate and reasonable safeguards (at least as stringent as those used to protect DOI's own information of similar nature) to prevent the use of the Confidential Material for any other purpose. Confidential Material which was uploaded to a database or review platform, including any backups, and which cannot be reasonably deleted, must be quarantined and secured to prohibit access to the Confidential Material and shall also be safeguarded by DOI in the same manner as described in this paragraph.

6. DOI shall cease access and continued use of Confidential Material from NYPD immediately following completion of the Audit Plan. During the audit period, DOI should strive to access the relevant Confidential Materials using the portals provided by NYPD and refrain from downloading any Confidential Materials to local desktops and other DOI computer drives, databases, or programs. DOI should strive to maintain in its possession limited to no Confidential Material as defined herein and shared by NYPD when the audit is completed.

7. The Court Order dated October 11, 2018 (*Floyd,* Dkt No. 650) shall extend and apply to DOI. While DOI employees may receive, analyze, and report to the Monitor or the Court on or about information in Confidential Materials, DOI will refrain from disclosing the content of said material publicly in statements, reporting, or responses to FOIL requests, including, but not limited to, Personal Identifying Information[2] of NYPD members of service and civilians.

[2] As defined by NYC Admin. Code §23-1201, Rule 5.2 of the Federal Rules of Civil Procedure, Criminal Procedure Law § 190.77 and Local Law 151 of 2021.

8. This Order and the Court Order dated April 16, 2026 (Dkt No. 609) extends the Remedial Order described herein by which this Court has implemented its interpretation of the U.S. Constitution (*see Floyd,* 959 F. Supp. 2d 668 (S.D.N.Y. 2013)), so any information sharing that takes place pursuant to those Orders is protected from liability under the Supremacy Clause, *Washington v. Wash. State Commercial Passenger Fishing Vessel Ass'n*, 443 U.S. 658, 665, 99 S. Ct. 3055, 3062 (1979).

9. This Order shall survive the conclusion of the Audit Plan by DOI and shall continue to be enforceable after the termination of this action and the Monitorship in *David Floyd et al. v. City of New York et al.*, 08-Civ. 1034 (AT) and *Kelton Davis, et al. v. City of New York, et al.,* 10 Civ. 699 (AT).

SO ORDERED.

Dated: July 13, 2026
New York, New York

ANALISA TORRES
United States District Judge